ARKANSAS STATE HIGHWAY COMMISSION *v.*
Ray TOWNSEND and Ray Townsend Farms, Inc.

94-202                                                     879 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered July 18, 1994

*Robert L. Wilson* and *Charles Johnson*, for appellant.

*Carl J. Madsen* and *Ronald Hope*, for appellee.

JACK HOLT, JR., Chief Justice. This is a second appeal by
the Arkansas State Highway Commission ("Commission") of

decisions by the Monroe County Chancery Court denying it injunctive relief over a highway right-of-way. After we held that the chancery court was wrong in denying the Commission's request, we reversed its decision and "dismissed" the original case. *Arkansas State Highway Comm'n v. Townsend*, 313 Ark. 702, 838 S.W.2d 66 (1993) (*"Townsend I"*).

In a later proceeding filed in the same suit, Monroe County Chancery Court Number E-92-53, the trial court found that it was powerless to act further and to grant injunctive relief because we had reversed and dismissed this case, as stated in our opinion and mandate, rather than remanding it to the trial court. Upon *de novo* review, we hold that the present matter could have been regarded as a separate case in the trial court for which she had jurisdiction. We treat it as such, and we remand to the chancellor for entry of her November 2, 1993 decree ordering Townsend to remove all structures on the right-of-way.

In explanation of our holding, we make the following review. This litigation arose when the Commission filed a petition seeking to enjoin appellees Ray Townsend and his company, Ray Townsend Farms, Inc. ("Townsend"), from maintaining a gate, fence, and cabins on an Arkansas state highway right-of-way. The Commission also asked for an order directing Townsend to remove these structures. By *ex parte* decree, Chancellor Ben Storey ordered Townsend to remove all the property in dispute.

Townsend responded by filing a motion to dismiss the petition and to set aside the *ex parte* decree, which was granted by another chancellor. After a hearing, Chancellor Pittman entered an order denying the Commission's request for injunction, finding that, concerning any encroachments on the right-of-way, there had been a "tacit agreement" for years between the parties to permit the structures.

The Commission appealed, arguing that Townsend's gate, fence, and cabins violated the terms of Ark. Code Ann. § 27-67-304, and we agreed, stating specifically that "[t]he Commission was well within its rights to petition to clear the right-of-way in this case" (*Arkansas State Highway Comm'n v. Townsend*, 313 Ark. at 705, 858 S.W.2d at 68 (1993)), and that "[t]he chancery court, accordingly, was in error in finding that the Commission

was estopped by the conduct of its representatives. Reversed and dismissed." 313 Ark. at 706, 858 S.W.2d at 69.

A mandate was subsequently issued, informing the chancery court that its decision had been reversed and specifically providing that:

> This cause came on to be heard upon the transcript of the record of the Chancery Court of Monroe County, and was argued by solicitors; on consideration whereof it is the opinion of the Court that there is error in the proceedings and decree of said Chancery Court in this cause *as set out in the opinion* herein delivered.

> It is therefore ordered and decreed by the Court that the decree of said Chancery Court in this cause rendered be, and the same is hereby reversed, annulled and set aside with costs; and that this cause be dismissed in accordance with the opinion herein delivered.

(Emphasis ours.)

After the mandate was issued, the Commission made two written demands to Townsend to remove the structures from the right-of-way but without success. Thereafter, the Commission filed a "Petition for Enforcement of the Supreme Court's Opinion and Mandate and for Contempt Citation" in the original Monroe County Chancery case, asking that Townsend be ordered to comply with the opinion of the higher court.

On September 21, 1993, Judge Kathleen Bell, serving as chancellor, entered an order commanding Townsend to appear to show cause why he had not complied with the supreme court's mandate. A hearing was held on October 5, 1993, at which Townsend argued that he was not liable as a party defendant in the case. On November. 1, 1993, the attorney for Townsend filed a response to the Commission's motion to enforce the supreme court's opinion, explaining that because our opinion *dismissed* the action and the Commission failed to file a petition for rehearing to correct this dismissal, the chancery court had no power to enter a decree in the matter.

On November 2, 1993, the chancery court entered her first decree ordering Townsend to remove all of the structures on the

right-of-way within twenty days. Townsend filed a motion to set aside the decree, arguing once again that the supreme court had dismissed the matter, thus denying the chancery court any jurisdiction. In addition, Townsend asked the chancery court to hold a hearing on the matter.

Another hearing was held, at which Townsend argued that "once it is dismissed . . . this court doesn't have anything further to do with it." Townsend went on to explain that: "If there was an error here, it was by the Supreme Court, and the Supreme Court would be the only Court that could correct its error." The chancellor agreed, reasoning that:

> I think the removal would be just and fair and in keeping with the opinion, but the opinion reverses and dismisses, and I think it's an error as Mr. Hope may concede. But, in any case, I don't have the authority to interpret this decision or the mandate, or to clarify what the Supreme Court opinion did. I think any further action on your part other than proceeding before me in this case is a waste of the court's time, but I just don't see what I can do because of what the mandate clearly says. My hands are tied.

With that, Chancellor Bell entered a second decree and dismissed the Commission's petition asking for an injunction against Townsend. It is from this finding that the Highway Commission appeals.

■ Townsend is wrong in his contention that, regardless of our specific holding in the body of the opinion that "the chancery court . . . was in error in finding that the Commission was estopped by the conduct of its representatives" (313 Ark. at 706, 858 S.W.2d at 69), the fact that we stated at the conclusion of our opinion and our mandate that we reversed and dismissed the case renders the chancery court powerless to act to enforce our holding with regard to the blockage of the right-of-way.

In *Townsend I*, after reviewing this case *de novo*, we held that the chancery court was wrong in denying the Commission an injunction to force Townsend to remove his structures from the right-of-way — indeed, this language was very clear. Townsend claims that the phrase "reversed and dismissed" should control over the opinion's language, which, therefore, would deny the chancery court jurisdiction.

Granted, our signals to the trial court were not crystal clear in *Townsend I* as we reversed and dismissed the decree of the chancery court when we should have reversed and remanded the matter. However, the body of the opinion was quite clear in its intended result, despite our stated disposition.

■ In order to bring this matter to a final resolution, we again review the case *de novo*. While we will not reverse a chancellor's factual findings absent clear error, we are free to apply a remedy different from that selected by the Chancellor if the facts warrant it. *Arnold* v. *Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994); *Ferrell* v. *Colombia Mut. Cas. Ins. Co.*, 306 Ark. 533, 816 S.W.2d 593 (1991); *Ferguson* v. *Green*, 211 Ark. 556, 587 S.W.2d 18 (1979).

■■ When the Arkansas State Highway Commission petitioned for an injunction subsequent to our original decision, the chancellor could have treated it as a new case rather than as a continuation under the aegis of the original filing. Under those circumstances, she would have assumed jurisdiction independently of the mandate from this court in *Townsend I. See Lowe* v. *Morrison*, 270 Ark. 668, 606 S.W.2d 569 (1980). Had she done so, her first decree ordering Townsend to remove all of the structures on the right-of-way would have been correct, and that is the posture we assume in this *de novo* review.

In sum, we hold that Chancellor Bell's first decree be reinstated. To require the Arkansas State Highway Commission to file yet another petition would be wasteful and unnecessary.

Reversed and remanded.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. How this court erred in *Townsend I* can be simply described. The Commission had asked the chancellor to enjoin Townsend from maintaining certain structures on the Commission's right-of-way, and further requested Townsend be ordered to remove the structures. The chancellor denied the Commission's requests, and, on appeal, this court held the chancellor was wrong. Instead of reversing and remanding for further proceedings consistent with this court's decision, we erroneously ended the opinion by saying the case was "reversed and *dismissed.*"

It is quite easy for an appellate court to correct an inadvertent error — it recalls its mandate, corrects the mistake and returns it to the lower court to permit the prevailing party to enforce the mandate. Sup. Ct. R. 5-3(d); 5 C.J.S. Appeal & Error § 1012 (1993); *see also Gipson* v. *Brown*, 296 Ark. 160, 752 S.W.2d 752 (1988) (supp. opinion denying rehearing) (although this court in *Gipson* did not mention the word "mandate," the court by supplemental opinion "clarified" what it meant by its use of the words "appeal dismissed" in its earlier opinion); Ark. Code Ann. § 16-67-325 (1987).

Here, the chancellor was justifiably bewildered when she read the court's opinion stating the chancellor had erred in refusing to grant the Commission's request for an injunction but then dismissing the Commission's action altogether. The majority opinion seems to concede this court erred by saying it should have reversed and remanded. But it then suggests that any problem or confusion caused by our earlier opinion could have been resolved if the chancellor had treated the Commission's petition (filed in the original case after this court's "reversal and dismissal") as a "new case." Somehow this contrived labeling serves to correct the court's error. Such reasoning and procedure mystifies me. The majority certainly cites no law authorizing this procedure. Why the court is unwilling to recall the mandate to correct its error is puzzling.

In any event, it is this court's responsibility to correct its error, not the chancellor's. This court's instructing the chancellor to treat the Commission's petition as a "new case" serves only to raise other possible issues via the doctrines of collateral estoppel and res judicata. It would be much clearer and more forthright for this court to correct its mandate and allow the parties and chancellor to proceed on the action they filed and tried in the first place.