Ray TOWNSEND
*v.* ARKANSAS STATE HIGHWAY COMMISSION

95-300                                                        907 S.W.2d 726

Supreme Court of Arkansas
Opinion delivered October 16, 1995

*T. David Carruth*, for appellant.

*Robert L. Wilson*, Chief Counsel, *William L. Wharton, Charles Johnson*, and *Calvin R. Gibson*, for appellee.

BRADLEY D. JESSON, Chief Justice. This is the third appeal in this case. It originated as an action by the Arkansas State Highway Commission to enjoin the appellant from maintaining a gate, a fence and cabins on a Commission right-of-way. Injunctive relief was denied, and the Commission brought a successful appeal. *See Arkansas State Highway Comm'n v. Townsend*, 313 Ark. 702, 858 S.W.2d 66 (1993) (*Townsend I*). Our disposition of *Townsend I*, both in the written opinion and in the mandate, reflected that the case was reversed and dismissed.

After the mandate was issued on July 26, 1993, the Commission demanded that Townsend remove the structures. He refused to do so, and the Commission returned to the chancery court for relief. Under the same case number as the original action, the Commission filed a Petition to Enforce the Supreme Court Opinion and Mandate and for a Contempt Citation. The chancellor entered a decree on November 2, 1993, in which she ordered Townsend to remove the structures within twenty days. However, when Townsend asked that the decree be set aside, the chancellor did so. Upon reflection, she determined that she was powerless to act because the mandate provided the case was reversed and *dismissed*, rather than remanded.

That ruling gave rise to the second appeal. In *Arkansas State Highway Comm'n* v. *Townsend*, 317 Ark. 581, 879 S.W.2d 447 (1994) (*Townsend II*), we held that Townsend was wrong in contending that our use of the language "reversed and dismissed" deprived the chancellor of the power to enforce our holding in *Townsend I*. We stated the following:

> In *Townsend I*, after reviewing this case *de novo*, we held that the chancery court was wrong in denying the Commission an injunction to force Townsend to remove his structures from the right-of-way — indeed, this language was very clear. Townsend claims that the phrase 'reversed and dismissed' should control over the opinion's language, which, therefore, would deny the chancery court jurisdiction.
>
> Granted, our signals to the trial court were not crystal clear in *Townsend I* as we reversed and dismissed the decree of the chancery court when we should have reversed and remanded the matter. However, the body of the opinion was quite clear in its intended result, despite our stated disposition.

*Arkansas State Highway Comm'n* v. *Townsend*, 317 Ark. at 584-85; 879 S.W.2d at 449.

We concluded our *Townsend II* opinion by directing that the chancellor's first decree be reinstated. In response to that direction, the chancellor re-entered her decree on September 6, 1994. The decree gave Townsend twenty days to remove the structures

from the right-of-way and also ordered Townsend to pay $487.00 in costs awarded by our *Townsend II* mandate. No appeal was taken from that decree.

Twenty days passed with no action by Townsend. The Commission filed a petition seeking a contempt citation, and Townsend was ordered to appear at a show cause hearing on November 1, 1994. At the hearing, Townsend argued that *Townsend II* was "bad law" and that any proceedings after *Townsend I* were barred by *res judicata* and law of the case. The chancellor gave no credence to that argument, saying that she specifically had been directed by this court to re-enter the decree ordering Townsend to remove the structures.

Townsend was held in contempt of the September 6 decree, with the proviso that he could purge himself of the contempt by removing the structures and paying the $487.00 within ten days of the hearing. Failing that, he would be sentenced to thirty days in the county jail. When Townsend still did not comply, the chancellor issued a pick-up order, directing the sheriff to arrest Townsend. Townsend brings his appeal from the contempt order and the pick-up order.

■ On appeal, Townsend argues that our mandate in *Townsend I*, which declared that the case was reversed and dismissed, is law of the case and no further proceedings may be had in light of the dismissal. We addressed that very argument in *Townsend II*, where we were asked to consider the effect of our inadvertent dismissal following the first appeal. We held unequivocally that the *content* of the opinion was clear in awarding relief to the Commission and that the mistaken language in our disposition did not deprive the chancellor of the power to enforce our holding.

■ In short, the argument that Townsend makes in this appeal was addressed in *Townsend II*. We recognized that the case should have been remanded rather than dismissed, but we did not waiver from our *Townsend I* holding. Any questions regarding our mistaken dismissal were answered in *Townsend II*. This being a chancery case, we had the power to award relief *de novo*. We did so, and directed the chancellor to re-enter her November 2nd decree. Upon remand, she had no choice but to follow our direc-

tion. *See Carroll Electric Coop. Corp.* v. *Benson*, 319 Ark. 68, 889 S.W.2d 756 (1994), where we said the following:

> upon remand, a chancery court has no power to enter any decree except that directed by the Supreme Court, and it has no power to change or extend the mandate of the Supreme Court. The directions of the Supreme Court upon reversal and remand in an equity case are the law of the case and the guide for the lower court in entering the decree. (citations omitted)

*Id.*, at 71, 889 S.W.2d at 758.

Townsend's argument in this appeal is simply an invitation to us to reconsider and overrule *Townsend II*. We decline to do so.

Affirmed.

GLAZE and CORBIN, JJ., dissent.

TOM GLAZE, Justice, dissenting. There is something terribly unjust about the majority court's opinion. This court affirms the trial court's finding Ray Townsend in contempt of court and Townsend now must serve thirty days in jail as punishment. Such punishment is a direct result of this court's error in the Arkansas Highway Commission's first appeal. *See Arkansas State Highway Comm'n* v. *Townsend*, 313 Ark. 702, 858 S.W.2d 66 (1993) (*Townsend I*).

In *Townsend I*, this court erroneously reversed and *dismissed* the appeal instead of remanding the case for further proceedings. The Arkansas Highway Commission failed to ask this court to correct its mandate. Instead, the Commission filed a new petition seeking injunctive relief from the same chancellor who held she was powerless to act since our court had previously dismissed the Commission's action. In the Commission's second appeal, this court fell short of acknowledging its error, but conceded its "signals" had not been "crystal clear." *Arkansas State Highway Comm'n* v. *Townsend*, 317 Ark. 581, 879 S.W.2d 447 (1994) (*Townsend II*). Then, in an attempt to correct its "error" or "lack of clarity," this court concluded it would treat the Commission's new petition "as a new case," and it "assumed jurisdiction of the case independently of this court's earlier man-

date." This court then remanded the Commission's "new case" directing the chancellor to re-enter its first order in *Townsend I*. I disagreed with our court's decision, opining that this court should have acknowledged the mistake in its *Townsend I* mandate and forthrightly corrected it. *See* Glaze, J., dissents, 317 Ark. at 585, 879 S.W.2d at 450.

After this court remanded *Townsend II*, the chancellor reinstated her first order under which she gave Townsend twenty days to remove structures located in the Commission's right-of-way. When Townsend failed to remove them, the chancellor ultimately ordered Townsend to serve thirty days in jail, from which Townsend brought this appeal.

First, I believe Townsend's argument is valid when asserting *Townsend I*, not *Townsend II*, is the law of this case. If that is true, all pleadings filed after this court's initial mandate in *Townsend I* should have been dismissed. *See Arkansas Baptist College* v. *Dodge*, 189 Ark. 592, 74 S.W.2d 645 (1934); *Watkins* v. *Acker*, 195 Ark. 203, 111 S.W.2d 458 (1937). Second, I agree with Townsend that *Townsend II* is "bad law" and assuredly should be overruled.

The foregoing legal points aside, the chancellor, Townsend and the Commission have voiced puzzlement concerning the directions given by this court in *Townsend I* and *II*. I think it is unfair to send someone to jail because our court's clear error later triggered confusion as to how the parties should proceed. At the least, Townsend's punishment should be mitigated, considering the circumstances in this case. In this respect, I would suspend Townsend's jail punishment. *See Jones* v. *Jones*, 287 Ark. 72, 696 S.W.2d 727 (1985); *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984); *see also Folsom* v. *State*, 216 Ark. 31, 224 S.W.2d 44 (1949). No one, including the Commission, can be harmed by such a ruling, particularly since the Commission conceded in oral argument that it could otherwise enforce its right to have the structures removed from its right-of-way.

For the reasons above, I respectfully dissent.

CORBIN, J., joins this dissent.