Bobby Joe McADAMS, Attorney in Fact for Shelby L. McAdams and Theresa McAdams, and Bob McAdams *v.* AUTOMOTIVE RENTALS, INC.

96-85                                                                924 S.W.2d 464

Supreme Court of Arkansas
Opinion delivered May 6, 1996
Substituted opinion delivered June 24, 1996
[Petition for rehearing denied June 24, 1996.*]

*Appellant*, pro se.

---

*Substituted opinion issued on denial of rehearing. DUDLEY, J., not participating.

*Eichenbaum, Scott, Miller, Liles & Hester, P.A.*, by: *James H. Penick, III*, for appellee.

ANDREE LAYTON ROAF, Justice. Appellants bring this appeal from a chancellor's order entered in a foreclosure action. This court affirmed a previous appeal by the appellants in this case because of a flagrantly deficient abstract. *McAdams* v. *Automotive Rentals, Inc.*, 319 Ark. 254, 891 S.W.2d 52 (1995). We again affirm without reaching the merits of appellants' appeal.

This case arose from a foreclosure action filed by Twin City Bank against Bobby Joe McAdams (McAdams) and other parties that held liens against McAdams' property. Twin City's mortgage was deemed first in priority and was subsequently assigned to Shelby and Theresa McAdams, the brother and sister-in-law of Bobby Joe McAdams. After a sale was ordered, Shelby and Theresa McAdams purchased the property, giving what they later claimed to be a conditional bid in the amount of $166,960.72. The chancellor determined that appellee Automotive Rentals, Inc. (ARI), was second in priority and therefore entitled to any excess proceeds from the sale of the property in a September 17, 1993 order. The McAdamses apparently attempted to appeal from this order in their prior appeal. The chancellor also determined in a March 10, 1994 order that McAdams was entitled to a homestead exemption if he proved within five months that he intended to use the excess proceeds to procure another homestead. ARI appealed from this order. These appeals were consolidated. The McAdamses' appeal was dismissed by mandate dated February 28, 1995, because of a deficient abstract. *McAdams, supra.* Upon remand, the chancellor determined that all prior orders had become final, nonappealable orders and are the law of the case, that McAdams had failed to timely prove that he was going to use any excess proceeds towards another homestead, that his homestead exemption would be extinguished and that ARI would therefore be entitled to any excess proceeds. This order was entered on August 9, 1995. The McAdamses now appeal from this order.

All five points raised by the McAdamses, to the extent they can be understood, appear to take issue with orders, deeds and other matters which transpired in 1993 and 1994, prior to the first appeal of this case. Not all of these prior orders are abstracted. Three of the points do not even allege that the trial court erred with regard to the matters under discussion. Although the caption of one point

does refer to the August 9, 1995 order which is the subject of this appeal, the McAdamses primarily argue in this point that the trial court erred in a March 1, 1994 order.

All of the arguments are unintelligible. None appear to be directly related to the trial court's order of August 9, 1995. As the trial court correctly pointed out, the decision of the first appeal became the law of the case and is conclusive not only of questions decided in the former appeal, but also of those which might have been, but were not presented. *Griffin* v. *First Nat'l Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994); *Willis* v. *Estate of Adams*, 304 Ark. 35, 799 S.W.2d 800 (1990). Moreover, we do not reach the merits of an issue unsupported by convincing argument or authority. *Pledger* v. *Halvorson*, 324 Ark. 302, 921 S.W.2d 576 (1996); *Haase* v. *Starnes, M.D.*, 323 Ark. 263, 915 S.W.2d 675 (1996); *Equity Fire & Casualty Co.* v. *Needham*, 323 Ark. 22, 912 S.W.2d 926 (1996).

Affirmed.

DUDLEY, J., not participating.