Natalie Ann McGARRAH, Appellant *v.* Joe McGARRAH, Appellee; Johnny McGarrah and Sharon McGarrah, Intervenors

94-680                                                924 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered June 17, 1996
[Petition for rehearing denied September 9, 1996.]

*Naif Samuel Khoury*, for appellant.

*Paul R. Post*, for appellee and intervenors.

DONALD L. CORBIN, Justice. Natalie Ann McGarrah appeals a divorce decree from the Crawford County Chancery Court. We affirm the chancellor's decision pursuant to Ark. Sup. Ct. R. 4-2(b)(2) due to appellant's failure to sufficiently abstract the proceedings below.

The standard of review of chancery court proceedings is whether the chancellor's findings were clearly erroneous or clearly against the preponderance of the evidence. *Riddick* v. *Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993). This we cannot determine with the abstract we have been provided. We have frequently held that the record on appeal is limited to that which is abstracted, and that it is appellant's burden to produce a record sufficient to demonstrate error. *See, e.g., McAdams* v. *Automotive Rentals, Inc.*, 324 Ark.

332, 924 S.W.2d 464 (1996); *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985). We find that the abstract submitted in this case is a record too insufficient for a review of the merits of appellant's arguments.

■ Pursuant to Ark. Sup. Ct. R. 4-2(a)(6), an appellant is required to compile an abstract containing material parts of the pleadings, proceedings, facts, documents, and any other matters which are necessary for an understanding of all questions presented to this court. *Chrysler Credit Corp.* v. *Scanlon*, 319 Ark. 758, 894 S.W.2d 885 (1995). Surely, the orders of the lower court, as well as the notice of appeal, are encompassed in that requirement.

■ Both of appellant's arguments on appeal question the chancellor's rulings and orders concerning the validity of several pre-divorce agreements entered into by appellant and appellee. Appellant has not, however, abstracted any order which indicates the chancery court's ruling as to that issue. Specifically, appellant has omitted the final chancery court order. We assume that it is the holding contained in that final chancery court order upon which appellant bases this appeal, although we cannot be sure as appellant has failed to abstract the notice of appeal. It is, therefore, impossible for this court to determine whether or not the chancellor's rulings were clearly erroneous when we have not been provided with the rulings themselves and when we cannot discern from which order or orders the appeal is taken. For this reason, we affirm the decision below.

Affirmed.

BROWN and ROAF, JJ., dissent.

DUDLEY, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The majority affirms on grounds of a deficient abstract and concludes that it is "impossible for this court to determine whether or not the chancellor's rulings were clearly erroneous when we have not been provided with the rulings themselves and when we cannot discern from which order or orders the appeal is taken." I disagree. Both parties abstracted the ruling made by the chancellor on April 21, 1994, regarding the invalidity of Joe McGarrah's relinquishment of his parental rights, and the appellee and intervenors abstracted the ruling relating to the visitation rights of the intervening paternal

grandparents. The appellant makes it clear that she is appealing from these rulings.

On pages 16 and 17, appellant Natalie Ann McGarrah included this ruling by the chancellor:

> Plaintiff is granted a Decree of Divorce on the grounds of general and personal indignities. Custody would be with the mother. We're going to start today with a completely clean slate. ... *Now, let me make another statement about this document where the parental rights were given up in anticipation of the divorce. It's unfortunate that it occurred, but it has no legal effect, not yet, not just the signing of it. But, the Court is the only person or the only entity that can terminate someone's right as a parent. He could sign - he could have red, white and blue ribbons put on it, it still doesn't — isn't effective.* (Emphasis ours.)

The same ruling, as well as the ruling regarding grandparental visitation rights, was abstracted by the appellee and intervenors on pages 10 and 11 of their supplemental abstract:

> THE COURT: Plaintiff is granted a divorce and custody of the child to be with the mother. You (Natalie McGarrah) were treading on very thin ice trying to substitute your judgment for that of the Court. There will be unsupervised visitation according to the Standard Order of Visitation. Visitation will be overnight for one weekend a month but visitation will begin every Saturday from 9:00 a.m. until 5:00 p.m. Starting in June we are going to use the Standard Order allowing weekend visitation on the first weekend of each month. Make sure the house is safe and that the child is never left unattended. While the child is in the home, no smoking around the child. *Visitation will be the right of the father. The grandparents and the father can exercise that jointly, or if the father is not available the grandparents can exercise it. Visitation is to be in the home of the Defendant and unsupervised. Let me make another statement about this document were (sic) the parental rights were given up in anticipation of divorce. It is unfortunate that it occurred, but it has no legal effect, not just the signing of it. It's not a piece of property. We are talking about a human being and parental rights. The Court is the only entity that can terminate someone's rights as a parent. It isn't effective.* (Emphasis ours.)

In short, both parties to this appeal agree essentially on the chancellor's rulings from the bench. The chancellor's rulings were later memorialized in two orders: the Divorce Decree entered June 2, 1994, and the Contempt Order entered August 31, 1994, and it is true that the formal Divorce Decree and Contempt Order were not abstracted. But where the rulings are abstracted by both parties *and* where both parties agree on what the rulings were, I cannot conclude that the abstracting is fatally deficient under Ark. Sup. Ct. R. 4-2(b) or that this court cannot discern the issue on appeal from the abstract.

This court has affirmed on grounds of a fatally deficient abstract, when the order appealed from has not been abstracted. *See, e.g., Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). But this is not such a case. The rulings from the bench are abstracted, and the parties agree on what those rulings were. Under these facts, to decide the appeal on (1) the failure to abstract the two orders, which merely duplicate the chancellor's rulings, and (2) the failure to abstract the notice of appeal is unduly technical. I would reach the merits of the case. For that reason, I respectfully dissent.

ROAF, J., joins.