Ray TOWNSEND and Ray Townsend Farms, Inc. *v.*
ARKANSAS STATE HIGHWAY COMMISSION

96-677                                                           933 S.W.2d 389

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*T. David Carruth,* for appellants.

*Robert L. Wilson,* Chief Counsel, *William L. Wharton,* and *Calvin R. Gibson,* for appellee.

ROBERT L. BROWN, Justice. This is the fourth time this matter has been before this court. *See Arkansas State Highway Comm'n v. Townsend,* 313 Ark. 702, 858 S.W.2d 66 (1993) (*Townsend I*); *Arkansas State Highway Comm'n v. Townsend,* 317 Ark. 581, 879 S.W.2d 447 (1994) (*Townsend II*); *Townsend v. Arkansas State Highway Comm'n,* 322 Ark. 122, 907 S.W.2d 726 (1995) (*Townsend III*). Appellants Ray Townsend and Ray Townsend Farms, Inc. (Townsend), now contend that the chancery court lacked subject-matter jurisdiction when it first heard the Highway Commission's petition for a mandatory injunction to remove encroachments, which resulted in *Townsend I.* This is so, according to Townsend, because the Highway Commission had an adequate remedy at law — self help. We affirm.

On April 1, 1992, appellee Highway Commission filed a petition for a mandatory injunction to compel Townsend to remove encroachments from the Highway Commission's right-of-way. The chancery court enjoined the Highway Commission from removing the encroachments. In *Townsend* I, this court reversed the chancery

court.

In *Townsend II*, the Highway Commission again appealed because on remand from *Townsend I*, the chancery court ruled that it was powerless to act because the case had been "dismissed" by this court. We held that the language contained in the body of the opinion in *Townsend I* was clear in its directive, which contemplated a remand despite the use of the word "dismissed" at the end of the opinion. We reversed and remanded the case for the trial court to enter its decree ordering Townsend to remove all structures from the right-of-way.

In *Townsend III*, we upheld a contempt sanction against Townsend and refused to hold that the "dismissal" in *Townsend I* was law of the case.

The following facts give rise to *Townsend IV*. On November 29, 1995, Townsend for the first time moved to dismiss the case for lack of subject-matter jurisdiction because the Highway Commission had an adequate remedy at law. In response, the Highway Commission asserted that the motion to dismiss was filed for an improper purpose and only for harassment and delay in violation of Ark. R. Civ. P. 11. A hearing was held on Townsend's motion, and counsel for the Highway Commission argued that the motion was meritless because this court had previously held that the mandatory injunction was proper. Counsel for Townsend countered that the subject-matter jurisdiction of the court could be raised at any time. This was so, Townsend's counsel contended, because from the beginning the Highway Commission had an adequate remedy at law under Ark. Code Ann. § 27-67-304 (Repl. 1994). He added that Townsend had disputed the inadequacy of the remedy at law in his answer to the initial complaint. Accordingly, Townsend claims that jurisdiction in chancery court was lacking. The chancery court apparently denied Townsend's motion to dismiss (the order ruling on the motion is not abstracted), which led to this appeal.

Townsend's argument on appeal is the same: the remedy afforded the Highway Commission under § 27-67-304, authorizing removal of encroachments, provides an adequate remedy at law. That statute reads in pertinent part: "No physical or functional encroachments ... or other structures or uses shall be permitted within the right-of-way limits of state highways." Ark. Code Ann. § 27-67-304 (a) (Repl. 1994).

■■ As a general matter, equity jurisdiction exists only when the remedy at law is inadequate. *See, e.g., Priest v. Polk,* 322 Ark. 673, 912 S.W.2d 902 (1995); *Walker v. First National Bank, N.A.,* 317 Ark. 617, 880 S.W.2d 316 (1994); *Bates v. Bates,* 303 Ark. 89, 793 S.W.2d 788 (1990). But the existence of a remedy at law does not deprive the chancery court of jurisdiction unless such remedy is clear, adequate, and complete. *McGehee v. Mid-South Gas Co.,* 235 Ark. 50, 357 S.W.2d 282 (1962). We determine jurisdiction from the pleadings. *McCormac v. McCormac,* 304 Ark. 89, 799 S.W.2d 806 (1990).

■ We observe, as an initial matter, that Townsend's abstract is flagrantly deficient because he fails to include the order of the chancery court disposing of this issue. *See McGarrah v. McGarrah,* 325 Ark. 81, 924 S.W.2d 453 (1996); *Winters v. Elders,* 324 Ark. 246, 920 S.W.2d 833 (1996). Nevertheless, it is clear from the abstract that Townsend broached the fundamental point of jurisdiction to the chancery court. It is further clear that this court can consider subject-matter jurisdiction on its own motion. *Tucker v. Lake View Sch. Dist. No. 25,* 323 Ark. 693, 906 S.W.2d 295 (1996). The issue then becomes whether the matter raised is one of subject-matter jurisdiction.

■ In *Liles v. Liles,* 289 Ark. 159, 711 S.W.2d 447 (1986), we concluded:

> [W]hen the issue is whether the chancery court has jurisdiction because the plaintiff lacks an adequate remedy at law, we will not allow it to be raised for the first time on appeal. ... [I]t is only when the court of equity is "wholly incompetent" to consider the matter before it will we permit the issue of competency to be raised for the first time on appeal.

*Liles,* 289 Ark. at 175, 711 S.W.2d at 455-56. We went on to say that we will not raise the issue ourselves when the adequacy of the legal remedy is in question, and we will not permit a party to raise it on appeal if it was not first brought to the chancery court's attention.

■■ Thus, the adequacy of a legal remedy does not render the chancery court wholly without jurisdiction, and the issue of the legal remedy must first be presented to the chancery court. Here, the issue was argued to the chancery court, according to the abstract, but for two reasons we give it little credence. First, the

abstract does not evidence that the question was resolved by the chancery court. The chancery court's order was not abstracted, and we will not speculate about the chancery court's ruling. Nor will we require all seven justices to go to the record to determine whether an order was entered. We have stated many times of late that there are seven justices and one record, and it is impossible for the seven justices to examine the one record. *See, e.g., Winters* v. *Elders, supra.* Secondly, the issue was not timely raised. We do not view a general denial of an allegation of inadequate remedy raised in the complaint in 1992 as the equivalent of a jurisdictional contest or of a motion to transfer to circuit court. This litigation has been ongoing since April of 1992, and the merits of this case were decided in *Townsend I* in 1993. To now question the adequacy of the legal remedy and the authority of the chancery court to act at least two years after the case has been decided at the appellate level strains the bounds of reasonableness.

By this decision, we are not suggesting that § 27-67-304 authorizes self-help or that self-help under these facts constitutes an adequate legal remedy. We simply decide the issue raised in this appeal on other grounds.

Affirmed.