Keenan WINTERS *v.* Joycelyn ELDERS, M.D., and The
University of Arkansas for Medical Sciences

95-1069                                                920 S.W.2d 833

Supreme Court of Arkansas
Opinion delivered April 29, 1996
[Petition for rehearing denied June 3, 1996.*]

*Oscar Stilley*, for appellant.

*Fred H. Harrison*, Gen. Counsel, and *Jeffrey A. Bell*, Assoc.
Gen. Counsel, for appellees.

BRADLEY D. JESSON, Chief Justice. The appellant, Keenan
Winters, brought an illegal-exaction suit against appellees Dr.
Joycelyn Elders and the University of Arkansas for Medical Sciences
("UAMS"). Winters claimed that, for the years 1988 through 1993,
while serving as Director of the Arkansas State Department of
Health ("Health Department"), Dr. Elders illegally received dual
compensation from UAMS and the Health Department. The chan-

---

*DUDLEY and BROWN, JJ., not participating.

cellor granted Dr. Elders's and UAMS's motion for summary judgment and dismissed Winters's complaint. He raises three issues on appeal. We affirm.

■■ We must affirm this appeal without reaching the merits due to two procedural flaws. First, because Winters has failed to abstract the trial court's judgment, his abstract is flagrantly deficient under Ark. Sup. Ct. R. 4-2(a)(6). We have long held that the judgment appealed from is a bare essential of an abstract. *D. Hawkins, Inc. v. Schumacher*, 322 Ark. 437, 909 S.W.2d 640 (1995); *Bohannon v. Arkansas State Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995); *Logan County v. Tritt*, 302 Ark. 81, 787 S.W.2d 239 (1990); *Jolly v. Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987); *Zini v. Percival*, 289 Ark. 343, 711 S.W.2d 477 (1986); *Farrco Construction et al. v. Coleman*, 267 Ark. 159, 589 S.W.2d 573 (1979); *Wells v. Paragon Printing Company*, 249 Ark. 950, 462 S.W.2d 471 (1971). *See also*, Smith, Arkansas Practice Abstracting the Record, 31 Ark. L. Rev. 359 (1977). As we have stated many times, the reason for our abstracting rule is basic — there is only one transcript, there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript. *Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995); *Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994); *Dixon v. State*, 314 Ark. 378, 863 S.W.2d 282 (1993).

■ A second deficiency in Winter's appeal is that a copy of the chancellor's letter opinion does not appear in the record. Winters notes in his abstract that this letter opinion was "inadvertently omitted" from the record, and abstracts what he purports to be the entirety of the letter opinion. The absence of the letter opinion from the record is particularly problematic in this case, as Winters attacks specific findings in the chancellor's opinion in each of his three allegations of error: (1) the chancellor erred in finding that Dr. Elders's compensation from both UAMS and the Health Department did not violate Arkansas law; (2) the chancellor erred in finding that he was not entitled to summary judgment as to whether the contracts at issue were utilized to avoid the purpose or spirit of the Regular Salary Procedures and Restrictions Act; and (3) the chancellor erred in finding that Dr. Elders had a valid defense to the repayment of sums in excess of the line-item maximum for her position as Director of the Health Department. The letter opinion is omitted from the record, and, accordingly, Winters cannot demonstrate error. The burden was on the appellant to

bring up a record sufficient to show that the chancellor was wrong. *See King* v. *Younts, Chief of Police*, 278 Ark. 91, 643 S.W.2d 542 (1982); *Armbrust* v. *Henry*, 263 Ark. 98, 562 S.W.2d 598 (1978); A.R.A.P. 6(b).

■ In *Hedge* v. *State*, 317 Ark. 104, 877 S.W.2d 90 (1994), the appellant asked us to issue a writ of certiorari to the court reporter to produce "part of the trial proceedings" that were not in the record. His request came more than three months after the record was lodged and less than two weeks before his briefs were due. While we granted the petition and a motion to stay the briefing schedule, we noted that:

> *hereafter* counsel will be expected to examine the record before, or immediately after, it is lodged in this court to determine that nothing essential (and designated) is omitted, if so, to specifically identify the omitted material, and *to exercise due diligence in moving to supplement the record.*

(Emphasis added.) Our opinion in *Hedge* was intended to put the members of the bar on notice that we would require parties to exercise due diligence in presenting motions to supplement the record with omitted materials. While Winters filed a petition for writ of certiorari to complete the record after the case was orally argued, any attempt to supplement the record after the case has been submitted does not satisfy our due-diligence standard.

Affirmed.

BROWN, J., not participating.

Special Justice JOHN R. ELDRIDGE, III, joins in this opinion.