Dr. Eldin C. JEWELL *v.* ARKANSAS STATE BOARD of DENTAL EXAMINERS

95-1262                                              921 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered May 28, 1996
[Petition for rehearing denied July 1, 1996.*]

*Appellant*, pro se.

---

*DUDLEY, J., not participating.

*William H. Trice, III*, for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Dr. Eldin C. Jewell, appeals from a decision of the Pulaski County Circuit Court affirming the decision of appellee Arkansas State Board of Dental Examiners ("Dental Board"), which suspended Dr. Jewell's license to practice dentistry for two years.

Dr. Jewell raises four points for reversal that we are unable to address because of his flagrantly deficient abstract. Ark. Sup. Ct. R. 4-2(a)(6). The transcript of the proceedings before the trial court contains 113 pages. The transcript of the proceedings before the Dental Board is included as an exhibit to the trial record and consists of an additional 86 pages. Dr. Jewell's abstract, however, is only two pages in length. His abstract merely contains a letter order of the trial court dated August 2, 1995. It does not contain a summary of the pleadings, a summary of the hearings before either the Dental Board or the trial court, the order appealed from, or the notice of appeal.

We have often held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *D. Hawkins, Inc. v. Schumacher*, 322 Ark. 437, 909 S.W.2d 640 (1995); *Bohannon v. Arkansas State Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995); *see also Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). The reason underlying our abstracting rule is basic — there is only one transcript, there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript. *Winters v. Elders, supra; Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995); *Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994); *Dixon v. State*, 314 Ark. 378, 863 S.W.2d 282 (1993).

Dr. Jewell has filed his own appellate briefs and is proceeding pro se on appeal. We hold pro se litigants to the same requirements to which we hold attorneys. *Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985); *Weston v. State*, 265 Ark. 58, 576 S.W.2d 705 (1979). Because Dr. Jewell's abstract is flagrantly deficient under our rules, we must affirm his appeal without reaching the merits.

Affirmed.

DUDLEY, J., not participating.