## William T. FINNEGAN *v.* Valerie JOHNSON

96-717                                    932 S.W.2d 344

Supreme Court of Arkansas
Opinion delivered November 18, 1996

*Appellant,* pro se.

*Ralph Patterson,* for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, William T. Finnegan, an attorney, appeals an order of the Pulaski County Circuit Court dismissing his claim for an attorney's lien against appellee Valerie Johnson. We affirm.

Appellant claims that appellee was injured in a bar fight at a North Little Rock hotel, and that she retained his services by entering into a contingent fee agreement whereby he would receive a certain percentage upon settlement with the hotel. After appellee hired another attorney and subsequently settled her claim against the hotel, appellant claimed he was entitled to a percentage of the settlement under his contract with appellee.

The attorney's lien statute, Ark. Code Ann. § 16-22-301 et seq. (Repl. 1994), on which appellant relies in seeking his lien, allows an attorney to obtain a lien for services based on his agree-

ment with his client to provide for compensation in the event of settlement or compromise. The compensation is governed by contract. *See* § 16-22-302. This statutory lien is available to attorneys who have been dismissed without cause. *Williams* v. *Ashley*, 319 Ark. 197, 890 S.W.2d 260 (1995).

The entire case below and the principal point in this appeal concern the attorney-client agreement. While this contract is contained in the record, it is not abstracted. We have said many times that there are seven justices of the Supreme Court and one record, and it is impossible for each of the seven judges to examine the one transcript. *Hardy Constr. Co.* v. *Arkansas State Hwy. & Transp. D.*, 324 Ark. 496, 922 S.W.2d 705 (1996); *Winters* v. *Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). Because appellant failed to abstract the critical document necessary for us to decide this appeal, we must affirm without reaching the merits of his argument. *See* Ark. Sup. Ct. R. 4-2(b)(2).

Affirmed.

NEWBERN, J., not participating.