Kathy PORTER *v.* Larry PORTER

97-228

945 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered June 9, 1997
[Petition for rehearing denied July 14, 1997.*]

---

* NEWBERN, J., not participating.

*Daggett, Van Dover & Donovan & Perry, PLLC*, by: *Doddridge M. Daggett*, for appellant.

*Green & Henry*, by: *David G. Henry*, and *Carl J. Madsen*, for appellee.

RAY THORNTON, Justice. Kathy and Larry Porter, appellant and appellee, respectively, were married in the early 1970s and moved into a home owned by appellee's father, J.W. Porter, where they resided during the entire course of their marriage. During the marriage, appellee's father incorporated Porter's Seed Cleaning, Inc. All of the 100 outstanding shares in the corporation were initially issued to appellee's father. He retained fifty-one shares and gave twenty-five shares to appellee and twenty-four shares to his wife, appellee's mother.

Appellee filed a complaint for divorce against appellant on February 28, 1995. Appellant counterclaimed for divorce, and on January 2, 1996, the chancellor granted the divorce on appellant's counterclaim. Appellant claims error in three points of the property division.

First, appellant contends that the increase in value of appellee's twenty-five shares of stock in Porter's Seed Cleaning, Inc., is marital property in which she has an interest. Second, appellant complains that the trial court should have awarded her the dollar value of one-half of her husband's interest in a closely held corporation, Jay-Lynn Farming, Inc., rather than awarding her one-half of his stock ownership. For her third point, appellant claims that she should have been awarded a marital interest in the increased value of the farm house in which she resided based on the worth

of the home when she first moved into it subtracted from the worth of the home at the time of the divorce.

We cannot determine from the abstract whether the chancellor was presented with evidence of the value of the 25 shares of gift stock in Porter's Seed Cleaning, Inc., at the time of the divorce, and no evidence was abstracted to reflect that this was not a gift. We also cannot determine from the abstract whether evidence was presented to the trial court to establish the value of the closely held corporation, Jay-Lynn Farming, Inc., nor do we find that this issue was properly preserved for appeal. Finally no evidence was abstracted which would challenge the determination that the farm house belonged at all times to appellee's father, and that all improvements to this property were paid for by the father.

It is well established that the abstract is the record for purposes of appeal. *Allen v. Routon*, 57 Ark. App. 137, 943 S.W.2d 605 (1997). We have recently held that Rule 4-2(a)(6) of the Arkansas Supreme Court Rules is violated when there are no references to pages in the abstract and only transcript citations were supplied to the court. *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994). A transcript will not be examined to reverse a lower court. *Oliver v. Washington County Arkansas*, 328 Ark. 61, 940 S.W.2d 884 (1997). The burden is clearly placed on the appealing party to provide both a record and an abstract sufficient for appellate review. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997); *Lee v. Villines*, 328 Ark. 189, 942 S.W.2d 844 (1997). Issues unsupported by convincing argument or authority will not be considered by this court. *Schmidt v. Person, Evans & Chadwick*, 326 Ark. 499, 931 S.W.2d 774 (1996). This court will not entertain an argument when it cannot be determined from the abstract what arguments were made to the lower court. *Cosgrove*, 327 Ark. at 328, 938 S.W.2d at 830. When previously confronted with an extensive record and numerous volumes, and where the abstract was nine pages and left out relevant information and was hard to understand, this court has refused review. *Jewell v. Miller Co. Elec. Comm.*, 327 Ark. 153, 936 S.W.2d 754 (1997).

Rule 4-2(a)(6) of the Arkansas Supreme Court clearly requires that the abstract should contain "pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." The purpose of an abstract is to give us an understanding of the issues on appeal. *McAdams v. Automotive Rentals, Inc.*, 325 Ark. 332, 924 S.W.2d 464 (1996). We may affirm for non-compliance with the Rule when there is a flagrantly deficient abstract.

In the matter before us for review, appellant fails to cite to her abstract at any point in her argument. The record in this case is 906 pages and is bound in seven volumes. The abstract is not quite five pages long and does not provide any testimony, authority, or documentation or even show that appellant disagreed with the chancellor's findings.

In summary, the record as abstracted is insufficient to demonstrate error, and we find that appellant is procedurally barred on all three issues. Affirmed.

NEWBERN, J., not participating.