David HOOKER *v.* FARM PLAN CORPORATION

97-605                                          962 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered February 12, 1998
[Petition for rehearing denied March 19, 1998.]

*Appellant*, pro se.

*Walker & Black*, by: *Kendell R. Black*, for appellee.

RAY THORNTON, Justice. Appellant David Hooker appeals the trial court's grant of summary judgment in favor of appellee Farm Plan Corporation (FPC). Acting pro se, he raises ten points for reversal. Because Hooker submitted a flagrantly deficient abstract, and his brief contained numerous other deficiencies, we affirm the trial court's order under Ark. S. Ct. Rule 4-2(a), (b).

After a careful reading of appellant's brief, we are required to affirm the trial court's ruling without reaching the merits of the case for the reasons listed. Our review of a case on appeal is limited to the record as abstracted in the briefs. *See Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997); *Kearney v. Comm. on Professional Conduct*, 320 Ark. 581, 897 S.W.2d 573 (1995). The reason for this rule is simple; there are seven judges on this court, and it is impossible for each of them to examine the one record. *Jewell v. Arkansas State Bd. of Dental Examiners*, 324 Ark. 463, 464, 921 S.W.2d 950, 950 (1996). The appellant carries the burden of producing an abstract that is an impartial condensation, without comment or emphasis, of material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented on appeal. Ark. Sup. Ct. R. 4-2(a)(5); *Porter*, 329 Ark. at 44, 945 S.W.2d at 377. When the abstract is flagrantly deficient, we will affirm the judgment or decree of the trial court. Ark. Sup. Ct. R. 4-2(b)(2).

Hooker appeals from a summary judgment order in a case involving a written agreement. He fails, however, to abstract the summary judgment order. He presents us with an abstract that is written in argumentative and narrative form. Because he has not sufficiently abstracted the pleadings, proceedings, facts, or orders, we have neither an understanding of the issues, nor can we determine whether these issues have been preserved for appeal. Moreover, Hooker failed to abstract or photocopy the agreement that he is contesting. Our rules provide that a document, such as a contract, may be photocopied and attached as an exhibit to the abstract. Ark. Sup. Ct. R. 4-2(a)(5). The document or the neces-

sary portions of the document, however, must be abstracted. *Id.* Here, Hooker refers to the agreement as "Exhibit 'A' attached to complaint as set forth in Vol. 1 of Record." As expressly stated in Rule 4-2(a)(5), a notation that merely refers to the location of the document in the record is not sufficient. *See also, Finnegan v. Johnson*, 326 Ark. 586, 932 S.W.2d 344 (1996) (affirming judgment without reaching the merits of argument when the contract at issue was contained in the record but was not abstracted).

Not only is the abstract deficient, but the statement of the case is deficient as well. The statement of the case must be concise and devoid of argument. Ark. Sup. Ct. R. 4-2(a)(2). This statement, ordinarily two pages in length, shall not exceed five pages without the court's permission. *Id.* The purpose of the statement of the case is to give the court an impartial and factual summary of the nature of the case and the action taken by the trial court. *Id.* Hooker's five-page statement speaks about a credit agreement and outstanding debt, yet we are not given information about the agreement's basis. Hooker also describes some of the trial court actions but these descriptions are so interspersed with argument and citations to authority that it is difficult to determine what the record shows and what is purely argument. There are numerous other departures from Rule 4-2(a) as well. We do not relax these rules for pro se appellants; they are held to the same standard as attorneys. *Jewell*, 324 Ark. at 464, 921 S.W.2d at 951. For these reasons, we affirm the trial court's order without reaching the merits of the case.