David and Ottie HOOKER *v.* DEERE CREDIT SERVICES,
INC., Producers Tractor Co., and John Deere Co.

CA 97-1131                                            971 S.W.2d 267

Court of Appeals of Arkansas
Division I
Opinion delivered June 24, 1998

*Appellants*, pro se.

*Barrett & Deacon*, by: *Ralph W. Waddell* and *D.P. Marshall Jr.*, for appellees.

ANDREE LAYTON ROAF, Judge. David Hooker and Ottie Hooker, *pro se* litigants who are son and father respectively, appeal from a chancery court order dismissing with prejudice their complaint for declaratory judgment against Producers Tractor Co. (Producers), Deere Credit Services Inc. (Deere Credit), and John Deere Co. (John Deere). The Hookers raise seven points on appeal. They allege that the trial court erred in 1) denying them a jury trial, 2) denying them assistance of counsel (two non-lawyers), 3) denying their right to contract under a power of attorney (given to the same two non-lawyers), 4) improperly converting appellees' motions to dismiss into summary judgment while discovery was yet pending, 5) failing to follow the rules for summary judgment, and 6,7) dismissing the complaint for lack of jurisdiction and improper service upon appellees. We find no merit to any of these points and hold that the trial court properly dismissed the complaint with prejudice.

On January 23, 1997, the Hookers filed a complaint for declaratory judgment against the appellees in St. Francis County Chancery Court, seeking declaratory, injunctive, and compensatory relief regarding contracts executed by Ottie Hooker for the purchase of three pieces of farm equipment, a combine, tractor, and grain drill, from John Deere. When the complaint was filed, there was pending in St. Francis Chancery Court Case No. E-94-104, styled Ottie Hooker v. John Deere Credit and Producers Tractor Co., involving the same contracts and equipment. Ottie Hooker's two attempts to appeal from interim orders entered in

the 1994 case had been dismissed by the supreme court and by this court.

The Hookers' 1997 suit in essence complained that the chancellor had ordered sequestration of the equipment in case number E-94-104 on May 6, 1996, sought to restrain and enjoin any further action in the 1994 case with regard to the equipment, and sought damages for the alleged loss of use of the equipment since its repossession by Producers in 1993. The complaint alleged that the Hookers had suffered "irreparable harm" in case number E-94-104 and that they "possessed no other adequate or speedy remedy at law in stopping the proceedings in case number E-94-104." The Hookers further asserted that "we stand a chance of losing our property if those proceedings continue with no assurance that the plaintiffs' property will not be taken and the necessity of doing an appeal in E-94-104." The Hookers further demanded a common-law jury trial and asked that the case not be assigned to Judge Kathleen Bell, the chancellor presiding over E-94-104.

On February 19, 1997, Deere Credit and John Deere filed a motion to dismiss alleging ineffective service of process and that the allegations in the complaint arose out of the same transaction or occurrence involved in E-94-104. Producers filed a motion to dismiss on the same grounds and also moved for a protective order suspending its discovery obligations until after a ruling on its motion to dismiss.

At the hearing held on March 27, 1997, Producers argued that the case should be dismissed under Ark. R. Civ. P. 12(b)(8) because of the prior action pending between the same parties arising out of the same transaction and due to defective service because James H. Hooker, who served the complaint, was neither a duly-appointed process server, sheriff, nor deputy. Deere Credit and John Deere adopted Producer's argument regarding service of process and also contended that the case should be dismissed because it involved the same parties and arose out of the same transactions and occurrence as E-94-104. The additional plaintiff and defendant in the 1997 action, David Hooker and John Deere, were characterized by appellees as "surplus" parties, and the 1997

action was characterized as an attempt by the Hookers to appeal from unfavorable orders entered in the 1994 case.

On April 22, 1997, eighty-nine days after the complaint was filed, Judge Bell dismissed the complaint with prejudice based on lack of subject-matter jurisdiction due to the pending 1994 case and because James Hooker was not authorized to serve process. On May 2, 1997, the Hookers filed a motion for reconsideration of the dismissal. The record does not show that this motion was ruled upon by the court. On June 27, 1997, the Hookers thus timely filed a notice of appeal.

As a preliminary matter, we first note that the Hookers' abstract is flagrantly deficient. Although the concurring judge would affirm this case based upon the Hookers' violation of Ark. Sup. Ct. & Ct. of App. R. 4-2, we do not agree that this case may be disposed of in that manner. Appellees Deere Credit and John Deere have provided a twenty-four page supplemental abstract, including the complaint, motions to dismiss, and partial transcript of the hearing on the motions. They have also included the dismissal order as an addendum to their brief. *See* Ark. Sup. Ct. & Ct. of App. R. 4-2(a)(8). The Hookers have adequately abstracted their notice of appeal and we thus have a sufficient record before us to reach at least some of the issues they raise.

■ ■ The Hookers' arguments, while not models of style, are understandable, and the authorities cited by them are not wholly inappropriate to the issue. Where the appellee cures the appellant's deficient abstract by providing a supplemental abstract, we consider the merits of the appeal. *See Southall v. Little Rock Newspapers, Inc.*, 332 Ark. 123, 964 S.W.2d 187 (1998). In this regard, Deere Credit and John Deere have also requested an award of costs, including reasonable attorney fees, for the preparation of the supplemental abstract. As the supplementation was necessary for us to reach an understanding of this appeal, we grant the request upon appellees' providing a statement of cost of the supplemental abstract and the amount of time devoted to its preparation, as required by Ark. S. Ct. & Ct. of App. R. 4-2(b)(1).

We first consider the Hookers' two related points pertaining to the denial of their right to counsel and denial of their right to

contract, pursuant to a durable power of attorney, with the same two non-lawyer counsel. At the hearing on the appellees' motions to dismiss, the trial court inquired of David Hooker, who was proceeding *pro se*, whether the two persons sitting at counsel table with him were licensed attorneys. After being advised that they were not, the trial court had them removed to the spectator's section of the court room. Hooker objected and asserted that the trial court was denying him "assistance of counsel" relying on several United States Supreme Court and federal district court cases upon the durable power of attorney given to the two non-lawyers. The Hookers make the same arguments on appeal.

■ The Hookers' argument that they were denied assistance of counsel in violation of their right to due process is meritless. They attempt to distinguish "assistance" of counsel from "representation." Arkansas Code Annotated Section 16-22-206 (Repl. 1994) provides that it is illegal to practice law without a license. In *Jones v. Ragland*, 293 Ark. 320, 737 S.W.2d 641 (1987), the chancellor refused to allow a non-lawyer to sit at counsel table with Jones and assist him during a trial. The supreme court summarily disposed of the identical argument now made by the Hookers by stating "[O]nly licensed attorneys can represent another person in court."

The Hookers' resort to federal decisions to support their argument is also unavailing. Only *U.S. v. Stockheimer*, 385 F.Supp. 979 (W.D. Wis. 1974), has even so much as a semblance of relevancy. There the district court held that where a *pro se* defendant had effectively waived the right to assistance of counsel and had chosen to defend himself, he would not be forbidden the assistance of two disbarred lawyers in a criminal proceeding. However, the court in *Stockheimer* declined to grant the defendant's motion to allow the unlicensed lawyers to act as counsel and spokesmen, and stated that "in the absence of any constitutional or federal statutory provision compelling me to either forbid or not to forbid [the] assistance, I may exercise my discretion in the matter." This case is obviously neither controlling nor even persuasive authority for this court to disregard our precedent and resolve this issue in the Hookers' favor.

■ We do not reach the merits of the argument pertaining to the denial of the right to contract, because the Hookers have failed to abstract the power of attorney. It is the appellant's duty to bring up a sufficient record on appeal. *Edwards v. Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993). The necessity of abstracting the material parts of the record, including documents, as are necessary to an understanding of all questions presented in an appeal has been stated time and time again. *See* Ark. Sup. Ct. and Ct. of App. R. 4-2(b)(2); *see e.g., Mills v. Holland*, 307 Ark. 418, 820 S.W.2d 63 (1991).

We next consider whether the trial court properly dismissed the Hookers' action, because we need not reach the remaining issues concerning summary judgment and denial of a jury trial if we conclude that the dismissal was proper. In this regard, we agree with appellees that the Hookers' complaint standing alone made it crystal clear that the purpose of the declaratory-judgment action was to thwart the progress of the earlier action filed by Ottie Hooker against two of the three appellees. The complaint made numerous references to the pending action by docket number and baldly asserted that the Hookers wished to enjoin further proceedings in the 1994 case.

■ We find ample authority for dismissal of such an action. In his treatise, *Arkansas Civil Practice and Procedure* § 33-2 (2d ed. 1993), Justice David Newbern states,

> [T]he declaratory judgment procedure is intended to supplement rather than supersede ordinary actions, and if the question sought to be raised in a declaratory judgment action is already the subject of a pending case a declaratory judgment should be dismissed.

In *City of Cabot v. Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958), the supreme court reversed a chancellor's issuance of a temporary restraining order pursuant to a declaratory-judgment action filed by disgruntled taxpayers, while a civil action was already pending in the justice of the peace court for collection of the tax. The court stated:

> [w]e condemn the practice of a person after being charged with violating the law . . . then asking for a declaratory judgment in an

> independent cause, with the result that the two cases involving the same subject matter are pending at the same time. If such were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities . . . . [W]hen . . . another action between the same parties, in which all issues could be determined is actually pending at the time of the commencement of the action for declaratory judgment, the court abuses its discretion when it entertains jurisdiction.

(Citations omitted.) *See also Robinson v. Morgan*, 228 Ark. 1091, 312 S.W.2d 329 (1958).

In *Mid-State Constr. Co. v. Means*, 245 Ark. 691, 434 S.W.2d 292 (1968), the supreme court held that a circuit court was without jurisdiction to entertain the question of a deceased worker's status as an employee in a declaratory-judgment action filed while the same question was already at issue in a case pending before the Workmen's Compensation Commission. Also, in *Riley v. City of Corning*, 294 Ark. 480, 743 S.W.2d 820 (1988), the court affirmed a circuit court's dismissal of a declaratory-judgment action seeking a determination of whether legislation creating the Corning Municipal Court was unconstitutional, because the appellant was raising the same issue in a pending appeal to circuit court from a *nolo contendere* plea of DWI entered in the municipal court.

■ ■ These authorities lead us to the inescapable conclusion that, notwithstanding the additional parties, the trial court correctly dismissed the Hookers' declaratory-judgment action. As the appellees so aptly state, the allegations and request for relief in their complaint doomed the Hookers' 1997 case, because a trial court certainly does not have the power to exercise appellate jurisdiction over itself. Indeed, the supreme court has defined jurisdiction as "the power to hear and determine the subject matter in controversy between the parties to the suit." *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998).

While it is clear that the Hookers are not happy with the way matters have progressed in the 1994 case, the appellees surely can be no less pleased to find themselves embroiled in litigation over equipment repossessed some five years ago. Doubtless we would all be better served if the Hookers, with the aid of this equipment, were busily engaged in what they apparently do very well —

farming their land and providing nourishment and sustenance for their fellow man.

However, in seeking to do so, they must follow our rules. As the concurring justice in *State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990), pointed out:

> [t]he rules of practice and procedure constitute the foundation supporting our system based upon the rule of law. In order for the system to work in an efficient manner, it is imperative that the rules under which litigants and their attorneys operate be, as nearly as possible, definite, certain, and uniform in application.

*Id.* (Turner, J., concurring). The Hookers are obliged, as are we all, to abide by the rule of law. They are not free to pick and choose from among our rules and laws those provisions which they will follow and others which they will disregard.

Affirmed.

NEAL, J., agrees.

MEADS, J., concurs.

MARGARET MEADS, Judge, concurring. I concur in the result reached by my colleagues but would not reach the merits of the appeal because appellants have failed to comply with Rule 4-2 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas.

Appellants have filed a brief listing seven points on appeal which are mainly conclusive statements of errors allegedly made by the trial court. These points are difficult to understand and several involve documents for which no abstract has been provided. Each point is followed by a list of citations allegedly supporting that point. However, there is neither discussion nor convincing argument regarding how the citation applies to the point or to the instant case. Appellate review of these points is controlled by the rule that an assignment of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent, without further research, that the assignment of error is well taken. *Smith v. Smith*, 41 Ark. App. 29, 848 S.W.2d 428 (1993).

Moreover, appellant's brief fails to comply with Rule 4-2, Rules of the Arkansas Supreme Court and Court of Appeals. The fact that appellants are *pro se* is immaterial. *Van Bibber v. Laster*, 289 Ark. 87, 709 S.W.2d 90 (1986).

In the first place, appellants' table of contents fails to note the page at which each pleading and document is abstracted. Rule 4-2(a). Moreover, appellant's statement of the case is deficient. Under the rule, this statement shall be a concise statement, without argument, sufficient to enable the court to read the abstract with an understanding of the nature of the case, the general fact situation, and the action taken by the trial court. Rule 4-2(a). Appellants' four-page statement consists of a narrative so interspersed with dates, citations, and argument that it is extremely difficult to understand either the nature of the case or the general fact situation.

Further, appellants' abstract is written in narrative form and interspersed with argument and citation to authority. It is not an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of the questions presented to the court for decision. Rule 4-2(a).

Moreover, appellants have failed to properly abstract the pleadings. Although most of the required pleadings and orders are noted in the abstract, their essential components are missing. *Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994). Appellants' abstract is replete with such references as "R. Vol. I, P. 104 is the Order Setting Hearing on P.T.C. Motion for Protective Order for March 13, 1997 & was filed by Chancellor Bell on 3-7-96," and "Hookers did a Pet. To Reconsider the Protective Order filed 3-27-97 R. Vol. 2, ps. 223-237 with exhibits & Affidavits attached filed April 4, 1997 setting forth (p. 223, 227) . . . ." A notation that merely references the location of the document in the record is not sufficient. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998); Rule 4-2(a).

Also, I believe appellants' notice of appeal is insufficiently abstracted. It is abstracted as follows:

Hookers file Notice of appeal on June 27, 1997 to the Arkansas Supreme Court with various orders and exhibits attached, R. Vol.3, ps. 463–472. (P.463)Hookers appeal to Ark. Supreme court under Rules of supreme Court Rule 1-2(a)(1). (P.465) Dismissal Order was attached & will not be abstracted again as it has been previously abstracted, (p.476) Protective Order was also attached and has already been previously abstracted, also scheduling Order surrounding Hookers summary Judgment Motion & Order vacating Hooker scheduled hearing on Hookers summary judgment motion was also attached & also has previously been abstracted and will not be abstracted again a second time.

From the foregoing it is virtually impossible for me to determine with specificity the orders from which appellants appeal or the contents of those orders.

The appellant bears the burden of producing an abstract that is an impartial condensation, without comment or emphasis, of the material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented on appeal. *Hooker, supra.* When the abstract is flagrantly deficient, we will affirm the judgment of the trial court. *Id.* The rules are not relaxed for *pro se* appellants. *Jewell v. Arkansas State Bd. of Dental Examiners*, 324 Ark. 463, 921 S.W.2d 950 (1996).

Although appellees have submitted a supplemental abstract, I do not agree that it cures the myriad deficiencies of appellants' abstract. For example, among the items missing are an abstract of the Durable Power of Attorney, the contracts, the affidavits, and three sets of discovery attached to appellants' complaint. Also, appellees have not supplemented appellants' abstract of the notice of appeal.

For the reasons stated above, I would affirm the order of the trial court without reaching the merits of appellants' case.