2012 Ark. 365

**Deborah LUCAS, Appellant**

v.

**Bill Frank JONES and Alice Fay Jones, Appellees.**

No. 12–133.

Supreme Court of Arkansas.

Oct. 4, 2012.

Rehearing Denied Nov. 8, 2012.

Samantha B. Leflar, Legal Aid of Arkansas, and Friday, Eldredge & Clark, LLP, Little Rock, by: William A. Waddell, Jr., and Edie R. Ervin, for appellant.

Gail T. Segers, Fayetteville, for appellees.

JIM HANNAH, Chief Justice.

Appellant Deborah Lucas appeals the decree entered by the Washington County Circuit Court granting the petition of appellees, Bill Frank Jones and Alice Fay Jones, to adopt appellant's daughter, J.J. On appeal, she contends that the circuit court erred in denying her request for the appointment of counsel because, as an indigent, she is entitled to appointed counsel in a private adoption proceeding under both the United States and Arkansas Constitutions. She also argues that the circuit court's findings in support of the adoption are clearly erroneous. In this case of first impression involving issues of constitutional dimension, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(1), (b)(1) & (3) (2012). We affirm the adoption decree.

Appellees are the parents of appellant, and they are the grandparents of J.J., who was born to appellant out of wedlock on May 10, 2005. J.J. began residing with appellees in late 2007, and appellees obtained permanent custody of the child by an agreed order of guardianship dated April 23, 2008. The guardianship order permitted appellant supervised visitation with J.J. on alternating Saturdays and required appellant to pay $50 per week in child support. The agreed order also obligated appellant to attend a minimum of five AA meetings per week and to supply confirmation of attendance; to continue counseling; to submit to random drug-and-alcohol testing; to retain gainful employment and to provide proof of same by furnishing a check stub to the attorney ad

litem; to refrain from alcohol-and-drug usage; to be tested for Hepatitis C;[1] and to obtain admission to a rehabilitation facility and to complete the program within one year.

On December 13, 2010, appellees filed a petition to adopt J.J. In the petition, appellees alleged that adoption was in the best interest of the child and that neither appellant nor the child's biological father had visited or provided support for the child in over one year. Appellant filed a timely, pro se answer, generally denying the material allegations of the petition. The circuit court set a hearing on the adoption petition to take place on July 5, 2011.

On June 6, 2011, appellant filed a motion for a continuance, stating,

Comes Deborah Lucas, Defendant, in the above styled matter. A trial has been set on the merits for Tuesday, July 5, 2011, at 9:00 a.m. in [the] Washington County Courthouse.

Defendant respectfully requests that this Court continue this matter in order for Defendant to seek legal counsel.

Defendant has requested legal aid from Legal Aid of Arkansas and received a response dated February 7, 2011 (a copy attached hereto). Defendant was advised to request the Court to have an attorney appointed by the Court.

Defendant is currently employed at Wal–Mart in Fort Smith[.]

If defendant needs to provide additional information or documentation please advise. The letter appellant attached from Legal Aid of Arkansas was written by W. Marshall Prettyman, who declined appellant's request for representation. The letter stated in pertinent part,

Since this is an action to terminate your parental rights there may be arguments that you are entitled to have an attorney appointed for you. I would strongly suggest that you ask the judge to give you an appointed attorney. If the judge goes through with the adoption without giving you an appointed attorney you could re-contact us as that is a matter we might very well wish to litigate further.

On June 15, 2011, the circuit court entered an order denying the motion for a continuance without comment.

On July 5, 2011, the circuit court continued the case because there was insufficient time to hear the matter on that date. At the next setting on August 8, 2011, the circuit court refused to hear the petition in the absence of notice to J.J.'s biological father.[2] The court set another hearing date for November 16, 2011.

On November 16, 2011, appellant appeared pro se at the hearing. The circuit court first heard the testimony of appellee Bill Frank Jones. He testified that appellant had made only one lump-sum payment of child support in April 2008 in the amount of $150. He said that appellant had visited J.J. three times since he and his wife assumed custody in 2007 and that the last visit occurred on October 3, 2009. When asked whether appellant had given the child Christmas and birthday presents, Jones replied, "She did in 2007 when we had temporary custody, she did one time, her birthday. That's been all the presents." Jones further testified that he and his wife had taken custody of the child because of appellant's alcoholism and drug use. He said that J.J. had a lot of fears early on and that, although she was barely two years old when she came to live with

---

1. J.J.'s biological father had been diagnosed with Hepatitis C.

2. The child's father would later execute a written consent to the adoption.

them, she was using curse words. Jones advised that the child was being homeschooled because she had been diagnosed with attention deficit disorder. He testified that J.J. was now a "happy little girl" and that he and his wife wanted her to have a "real chance at a normal life." Jones did not believe that appellant could raise her properly. On cross-examination, appellant asked Jones about a child-maltreatment complaint that had been lodged against her. Jones responded,

Deborah, on your first visit, I asked you to please just be low key, and let the little girl just sort of—just play with her. She didn't know who you were, didn't have a clue, and you didn't. You chose to go—you said, I'm your mother, they're not your family, and I want you to come live with me. And we had a little girl [that] was crying in the corner, had nightmares. We had to get medical help for her, finally got her straightened out. She was afraid. She says, I don't want this.

Appellant also testified at the hearing. She stated that she always had felt bullied and intimidated by her parents. Appellant said that Mr. Jones told her to stay away from the child, that he and Ms. Jones were now J.J.'s mother and father, and that she was adversely affecting the child's mental health by telling the child that she was her mother. Appellant stated that she had suffered off and on with severe alcoholism and that her parents had refused to help her when she lost her son in a dependency-neglect proceeding. She testified that she had maintained sobriety since December 11, 2010.

On cross-examination, appellant testified that she had been working at Wal–Mart since February 2011. She stated that she had not worked before obtaining that job because of her drinking problem, and she admitted that she had not paid child support after she became employed. Appellant testified that she had made phone calls inquiring about the child and had requested pictures of her. She stated that she had left messages on appellees' answering machine and that appellees did not respond. Appellant testified that she did not feel comfortable exercising visitation because of appellees' lack of communication with her. She acknowledged that she had not always maintained sobriety since the guardianship order had been entered. Appellant said that she no longer attended AA meetings or counseling sessions. When asked why J.J. should be returned to her, appellant responded that she was "not necessarily sure I need her returned to me right now" but that she was the child's mother, regardless of whether she was an alcoholic.

Upon examination by the circuit court, appellant testified that she completed a ninety-day rehabilitation program in 2009. Though she had relapsed with alcohol since then, she said that she did not use drugs. Appellant stated that she had not undergone a test for Hepatitis C because of the cost. She also testified that she had not filed a petition to seek enforcement of the visitation provision of the guardianship order. Appellant admitted that she had not paid child support since April 2008. She did not recall sending any gifts between 2007 and 2009. However, appellant said that she had purchased Christmas gifts for J.J. in 2009 and that Ms. Jones had told her that J.J. was ill and suggested that she send them through the mail or by UPS. Appellant testified that she called several times after that and was told that she could not see J.J.

Appellant also presented the testimony of Cathy Lovell, a co-worker at Wal–Mart. Lovell testified that she had known appellant since February 2011 and that appellant always showed up for work and was

punctual. She said that, at first, appellant seemed depressed and was standoffish but that appellant had improved and now worked well with other people.

In rebuttal, Mr. Jones denied that he or Ms. Jones had told appellant that she could not visit with J.J. He said that, in their conversations, which were few and far between, he had not told appellant to stay away. Jones said that appellant had never come to the house and been told to leave.

After a short recess, the circuit court issued a detailed ruling from the bench. The court found that appellant's consent to the adoption was not necessary because she had failed significantly, without justifiable cause, to support and communicate with the child for one year. Specifically, the circuit court found that appellant had not paid child support since April 2008, that she had offered no justifiable reason for not working, and that she had not provided support even after she obtained a job. The court also found that appellant had last visited the child in October 2009 and that she had not offered the child any gifts since 2007. The court placed no credence in appellant's testimony suggesting that appellees thwarted her attempts to visit and communicate with the child. Instead, the circuit court believed Mr. Jones's testimony that appellant's allegations were not true. The circuit court granted the adoption, finding that it was in the best interest of the child. The court entered the adoption decree on November 18, 2011. Through counsel, appellant filed a timely notice of appeal.

As her first argument on appeal, appellant contends that the circuit court erred by failing to appoint counsel to represent her. Based on the Supreme Court's decision in *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), appellant asserts that she was entitled to appointed counsel under the Due Process Clause of the Fourteenth Amendment. She also urges this court to interpret the due-process clause of the Arkansas Constitution to confer an absolute right to appointed counsel for indigent parents in private adoption proceedings. In addition, appellant contends that the denial of appointed counsel to indigent parents in adoption cases offends the equal-protection clause of the Arkansas Constitution because indigent parents in dependency-neglect proceedings are afforded the right to counsel pursuant to Arkansas Code Annotated § 9–27–316(h) (Supp.2011). Appellant asserts that she requested the appointment of counsel via her motion for continuance, when it is considered in conjunction with the attached letter from legal aid. She contends that the circuit court adequately ruled on the request when it denied her motion for a continuance. Because she was acting pro se, appellant urges us to liberally construe her motion and the court's order as having preserved the issues on appeal. In response, appellees contend that appellant did not request the appointment of counsel and that the constitutional arguments she now advances are being raised for the first time on appeal. Appellees also assert that her arguments lack merit.

We first decide whether appellant expressly requested the appointment of counsel. In her motion for a continuance, appellant asked to delay the hearing "in order for Defendant to seek legal counsel." The motion also states that "she was advised to request the Court to have an attorney appointed by the Court." The letter from legal aid attached to the motion provided that "[s]ince this is an action to terminate your parental rights there may be arguments that you are entitled to have an attorney appointed for you." In *Bearden v. Arkansas Department of Human*

*Services,* 344 Ark. 317, 42 S.W.3d 397 (2001), an indigent parent for whom counsel had been appointed in a dependency-neglect proceeding argued that the circuit court erred by not allowing her to waive the right to counsel. The parent stated at one point that she "really [did not] know what to do" and later said that she "thought" she wanted to represent herself. We held that the equivocal nature of her statements did not amount to a clear request for self-representation, and we declined to address the issue raised on appeal.

■■■ The same can be said here. Appellant filed a motion for a continuance, not a motion for the appointment of counsel. The stated reason for wanting the delay was so that she could "seek" counsel, not obtain the appointment of counsel. The motion also stated that she had been advised to request the appointment of an attorney, but the motion does not indicate that she was heeding that advice because she made no explicit request for the court to appoint counsel to represent her. The letter stated that there "may" be arguments for the appointment of counsel, but the arguments were not specified. We simply cannot construe appellant's motion as placing the circuit court on notice that she was requesting the court to appoint counsel to represent her, much less that the court was obliged to do so on constitutional grounds. Despite appellant's urging to the contrary, pro se litigants are held to the same standards as licensed attorneys with respect to complying with the rules. *Hooker v. Farm Plan Corp.,* 331 Ark. 418, 962 S.W.2d 353 (1998); *Jewell v. Ark. State Bd. of Dental Exam'rs,* 324 Ark. 463, 921 S.W.2d 950 (1996); *Fruit v. Lockhart,* 304 Ark. 457, 802 S.W.2d 930 (1991). Our rules provide that we will not review an alleged erroneous ruling unless the party makes known to the circuit court the action which she desires the court to take and her grounds therefor. *See Riley v. State Farm Mut. Auto. Ins. Co.,* 2011 Ark. 256, 381 S.W.3d 840; *Turkey Express, Inc. v. Skelton Motor Co.,* 246 Ark. 739, 439 S.W.2d 923 (1969); Ark. R. Civ. P. 46 (2012). It is well settled that only the specific objections and requests made at trial will be considered on appeal. *Johnson v. State,* 303 Ark. 12, 792 S.W.2d 863 (1990); *Shaw v. State,* 299 Ark. 474, 773 S.W.2d 827 (1989). Arguments not raised below, even constitutional ones, are waived on appeal. *Tracy v. Dennie,* 2012 Ark. 281, 411 S.W.3d 702. Moreover, even if we considered the motion as a request for appointed counsel, appellant failed to obtain a specific ruling, as the circuit court's order only spoke to the denial of her request for a continuance. Where an appellant fails to obtain a specific ruling below, we do not consider that point on appeal. *Harwell–Williams v. Ark. Dep't of Human Servs.,* 368 Ark. 183, 243 S.W.3d 898 (2006). For these reasons, we conclude that appellant's arguments are not preserved for appeal.

On a final note, appellant relies on the Supreme Court's decision in *Turner v. Rogers,* —— U.S. ——, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011), to argue that, once she requested counsel, the circuit court was obligated as a matter of due process to make specific findings as to her circumstances in determining whether counsel should be appointed. Because appellant did not request the appointment of counsel, this argument is without merit.

■■■ As her second point on appeal, appellant contends that the circuit court erred by granting the adoption. First, she contests the circuit court's findings that her consent was not required because she failed to support the child and to communicate with the child for over one year.

Arkansas Code Annotated section 9-9-207(a)(2) (Repl.2009) provides that a parent's consent to adoption is not required when the child is in the custody of another, "if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree." Adoption statutes are strictly construed, and a person who wishes to adopt a child must prove that consent is unnecessary by clear and convincing evidence. *Powell v. Lane*, 375 Ark. 178, 289 S.W.3d 440 (2008); *Harper v. Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979). A circuit court's finding that consent is unnecessary because of a failure to support or communicate with the child will not be reversed unless clearly erroneous. *Racine v. Nelson*, 2011 Ark. 50, 378 S.W.3d 93. This court gives great weight to a trial judge's personal observations when the welfare of young children is involved. *In re Adoption of Lybrand*, 329 Ark. 163, 946 S.W.2d 946 (1997).

In analyzing the statute dispensing with the necessity of consent, some additional principles are relevant. It is not required that a parent fail "totally" in these obligations in order to fail "significantly" within the meaning of the statute. *In re Adoption of A.M.C.*, 368 Ark. 369, 246 S.W.3d 426 (2007); *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). It only means that the failure must be significant, as contrasted with an insignificant failure. *Racine, supra.* It denotes a failure that is meaningful and important. *Id.* Also, it is important to note that the one-year period may be any one-year period, not merely the one-year period preceding the filing of the adoption petition. *Id.*

With respect to her failure to pay child support, appellant contends that the issue was equally within the control of appellees because the guardianship order authorized appellees to withhold her wages if she fell behind in her payments. She suggests that appellees should be faulted for not implementing a withholding of her wages. We hold that the circuit court's finding that appellant failed significantly without justifiable cause to support the child is not clearly erroneous. The evidence demonstrates that appellant had not paid any support in several years. Further, she made no effort to contribute to the child's support even after she obtained a job. As appellant recognizes, she did not raise an estoppel argument below, and our case law is clear that we will not address issues for the first time on appeal. *Jones v. State*, 347 Ark. 409, 64 S.W.3d 728 (2002). Be that as it may, we note that the duty of support is not excused on the basis of other people's conduct unless such conduct prevents the performance of the duty of support. *Pender, supra.* We affirm the circuit court's finding that appellant's consent was not necessary because she failed significantly without justifiable cause to support the child for one year. In light of this holding, we need not address appellant's argument concerning the circuit court's independent and alternative finding that her consent was not necessary based on her failure to communicate with the child.

Appellant also contests the circuit court's best-interest determination. She asserts that appellees already had custody of the child under the guardianship order and that an adoption would not work a change in the status quo. We disagree. The evidence indicates that J.J. was faring well in appellees' care, and she was described as a "happy little girl." Now, age six, J.J. had lived with appellees since she was two years old. As the circuit court noted, appellees stepped into the breach to provide a home for the child.

By contrast, appellant is a virtual stranger to her. Appellant's argument that an adoption was not necessary overlooks that an adoption would add certainty and permanency to the child's life. By her own admission, appellant was not prepared to resume custody of the child, even after four years had passed since appellees assumed custody. The circuit court's finding that the adoption was in the child's best interest is not clearly erroneous.

Affirmed.

GOODSON, J., not participating.