
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-570

SUSAN HILL

APPELLANT

V.

TABITHA MARSHALL POWELL

APPELLEE

Opinion Delivered February 24, 2016

APPEAL FROM THE LONOKE COUNTY
CIRCUIT COURT
[NO. 43PR-14-300]

HONORABLE JASON ASHLEY PARKER,
JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellant Susan Hill appeals the order entered by the Lonoke County Circuit Court denying her petition to adopt her grandson, M.C.T. (d/o/b March 5, 2008). She contends that the circuit court clearly erred in finding that the consent of M.C.T.'s mother, appellee Tabitha Marshall Powell, was required. We cannot address the argument on appeal because Hill did not also appeal the circuit court's finding that it was not in M.C.T.'s best interest to be adopted. Therefore, we affirm.

M.C.T.'s parents, Powell and Christopher Tribe, were never married. Tribe's paternity was established in an order entered by the Circuit Court of Jackson County, Mississippi, on January 23, 2012. In that order, the parties were awarded joint custody of M.C.T., and Tribe was ordered to pay monthly child support.

On September 18, 2012, Tribe filed a motion in the Circuit Court of White County, Arkansas, to register the Mississippi order and to modify child custody. On January 25, 2013,

the White County Circuit Court entered an order finding that Arkansas was the home state of M.C.T. and had been since January 2012; that both Tribe and M.C.T. resided in White County, Arkansas; and that Powell resided in California. The order registered the Mississippi order and awarded custody of M.C.T. to Tribe with reasonable visitation to Powell; terminated Tribe's child-support obligation; and ordered Powell to pay child support as of March 1, 2012. The circuit court also found that Powell's boyfriend, "Tim," was prohibited from having any contact with M.C.T.

On July 16, 2013, Hill, Tribe's mother and M.C.T.'s paternal grandmother, filed a petition in White County for the appointment of a permanent guardian of M.C.T. On September 18, 2013, the White County Circuit Court entered an order granting Hill's petition, finding that Tribe had consented to Hill's guardianship, Powell had been served with the petition, and she had failed to appear at the guardianship hearing.

Thereafter, on September 16, 2014, Hill filed a petition in the Lonoke County Circuit Court to adopt M.C.T. Hill alleged that she and M.C.T. were residents of Lonoke County, Tribe had consented to the adoption, and Powell's consent was not required pursuant to Arkansas Code Annotated section 9-9-207(a)(2). Hill alternatively alleged that Powell's parental rights should be terminated pursuant to section 9-9-220(c)(3) because her consent was unreasonably withheld contrary to the best interest of M.C.T.

An adoption hearing before the Lonoke County Circuit Court was held February 15, 2015. Powell testified that she opposed the petition, that her consent to the adoption should be required, and that it was not in M.C.T.'s best interest to be adopted. Powell stated that she and Timothy, now her husband, had moved to California in April 2012 in search of better

jobs. She conceded that she did not visit M.C.T. from March 2012 to March 2013 and that she was not denied visitation during that time; however, she said that she kept in monthly contact with him via the telephone, that she sent child support to Tribe after the entry of the January 2013 order directing her to do so, and that she sent M.C.T. clothes and gifts (birthday and Christmas) during that time. She added that she had recorded twenty-four phone conversations with M.C.T. that occurred between August 2013 and November 2014, and that she had visited M.C.T. in the summer of 2013, in March 2014, and in October 2014. Powell said that after Hill was appointed guardian, she (Powell) did not know to whom to pay child support, so she called and asked Hill about it. Hill told Powell that she was not obligated to pay Tribe and that Hill did not want child support. Finally, Powell testified that she filed a motion to terminate the guardianship in March 2014.[1]

Hill testified that she had been the primary caregiver for M.C.T. since March 2012 and that Powell did not visit M.C.T. from March 2012 to March 2013. While Powell may have called once a month during that time, Hill testified that Powell never spoke to M.C.T. (Hill said that Powell called to complain to Hill about Tribe.) Hill stated that Powell asked to speak to M.C.T. one time between March 2012 and March 2013, and, on that occasion, M.C.T. ran from the phone. Hill stated that Powell did not send Christmas or birthday gifts to M.C.T. until March 2013. After March 2013, Hill testified that Powell had made up to two calls per

---

[1] The White County Circuit Court, on November 5, 2014, entered an order denying Powell's motion to terminate the guardianship. The court found that Powell failed to prove that the guardianship was no longer necessary, citing evidence that Powell and Tribe were not able to provide appropriate homes for M.C.T.

SLIP OPINION

month to M.C.T. and that he was happy to talk to his mother. Hill agreed that Powell had not abandoned M.C.T. because after March 2013, she called him, sent him gifts, and visited him.

Hill also confirmed that she had received a call from Powell offering to pay child support. Hill testified that she called the child-support division and reported back to Powell that once she (Hill) had been appointed guardian, the child-support obligation ceased. She added that she told Powell to not worry about child support and that she did not expect Powell to pay it. Hill added, however, that while Powell was under no legal obligation to pay Hill support, all parents are obligated to support their children.

Rebecca Eppinette, M.C.T.'s counselor, testified that she diagnosed him with disruptive-behavior disorder and mood-instability disorder. He initially presented with crying fits, anger outbursts, difficulty sleeping, and maintaining behaviors. He was socially isolated, struggled in school, and had general fear and anxiety. She testified that the root of M.C.T.'s issues was a sense of not being secure or safe. She said that M.C.T. felt safe around Hill but unsafe around Timothy Powell. Eppinette also stated that M.C.T. really missed his mother.

On April 1, 2015, the Lonoke County Circuit Court entered an order denying Hill's petition to adopt M.C.T. The court found that Powell did not lose her right to consent to the adoption under Arkansas Code Annotated section 9-9-207 because she had significant contacts with M.C.T. between the dates of March 2012 and March 2013 and she had paid support between those dates. The court also found that granting the adoption petition was not in M.C.T.'s best interest. Hill's appeal followed.

In adoption proceedings, we review the record de novo, but we will not reverse the lower court's decision unless it is clearly erroneous or against a preponderance of the evidence,

after giving due regard to its superior opportunity to determine the credibility of the witnesses. *Hollis v. Hollis*, 2015 Ark. App. 441, at 6, 468 S.W.3d 316, 320. We have said that in cases involving minor children a heavier burden is cast upon the court to utilize to the fullest extent all its power of perception in evaluating the witnesses, their testimony, and the children's best interest; that the appellate court has no such opportunity; and that we know of no case in which the superior position, ability, and opportunity of the circuit court to observe the parties carry as great a weight as one involving minor children. *Id.*, 468 S.W.3d at 320. When the issue is one of terminating parental rights, the appellate courts have referred to the "heavy burden" on the party seeking to terminate the relationship. *Id.* at 6–7, 468 S.W.3d at 320. Adoption proceedings are in derogation of the natural rights of parents, and statutes permitting such are to be construed in a light favoring continuation of the rights of natural parents. *Id.* at 7, 468 S.W.3d at 320.

Generally, consent to an adoption is required by the mother of the minor child to be adopted. Ark. Code Ann. § 9-9-206(a)(1) (Repl. 2015). Under certain circumstances, however, the consent of the mother may not be required. Arkansas Code Annotated section 9-9-207(a)(2)(i) & (ii) provides that consent to adoption is not required of a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree. Additionally, before an adoption petition can be granted, the circuit court must find from clear and convincing evidence that the adoption is in the best interest of the child. Hollis, 2015, Ark. App. 441, at 7, 468 S.W.3d at 320; *see also* Ark. Code Ann. § 9-9-214(c) (providing that the circuit court can issue a final decree of

adoption if, at the conclusion of the hearing, the court determines that the required consents have been obtained or excused and that the adoption is in the best interest of the individual to be adopted).

The circuit court's order denying Hill's petition for adoption found that Powell did not lose her right to consent to the adoption pursuant to section 9-9-207(a)(2)(i) & (ii) because Powell had significant contacts with M.C.T. between the dates of March 2012 and March 2013 and she had paid support between those dates. The circuit court also found that granting the adoption petition was not in M.C.T.'s best interest. However, Hill's appeal challenges only the former finding.[2] She fails to challenge the circuit court's finding that the adoption was not in M.C.T.'s best interest.[3] The mere fact that a parent has forfeited her right to have her consent to an adoption required does not mean that the adoption must be granted—the court must further find from clear and convincing evidence that the adoption is in the best interest of the

---

[2] Hill also argues on appeal that the circuit court erred in not finding that, pursuant to Arkansas Code Annotated section 9-9-220(c)(3), Powell's consent was unreasonably withheld contrary to the best interest of M.C.T. However, because the circuit court did not make a ruling on this issue, it is not preserved for appeal. *Lucas v. Jones*, 2012 Ark. 365, at 9, 423 S.W.3d 580, 585 (holding that when an appellant fails to obtain a specific ruling below, we do not consider that point on appeal).

[3] While the heading of Hill's brief on appeal states that she is appealing the circuit court's best-interest finding, the body of her brief contains no argument on this point. In the absence of an argument on the circuit court's best-interest finding, we consider the point waived. *Daniel v. Spivey*, 2012 Ark. 39, at 5 n.1, 386 S.W.3d 424, 427–28 (noting that listing an issue in the heading of an appellant's argument on appeal is insufficient for the court to consider it an appellate argument when the issue is not further discussed in the "body" of the brief). And Hill's challenge to the circuit court's best-interest finding in her reply brief is too late. It is well settled that we will not address arguments raised for the first time in an appellant's reply brief, because the appellee is not given a chance to rebut the argument. *Coleman v. Regions Bank*, 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005).

child. *Hollis*, 2015 Ark. App. 441, at 7, 468 S.W.3d at 320. Therefore, we are left with an unchallenged basis for affirming the denial of the adoption petition.

When the circuit court bases its decision on two independent grounds and appellant challenges only one on appeal, the appellate court will affirm without addressing either. *Coleman*, 364 Ark. at 64, 216 S.W.3d at 573. Consequently, Hill's first argument cannot be examined because she did not challenge both independent grounds on which the circuit court relied in making its decision to deny her adoption petition. *In re Adoption of I.C.*, 2014 Ark. App. 513, at 6–7 (holding that the issue of the withdrawal of the relinquishment of parental rights could not be addressed because the appellants failed to challenge the circuit court's best-interest finding—which was an independent basis supporting the denial of the appellants' adoption petition). We thus must summarily affirm.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.