Cite as 2022 Ark. App. 454

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-21-590

| | |
|---|---|
| VERONICA GAMBLE | Opinion Delivered November 9, 2022 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-21-2822] |
| V. | |
| CAROL GAMBLE | |
| APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | AFFIRMED |

### STEPHANIE POTTER BARRETT, Judge

Veronica Gamble appeals the judgment of the Pulaski County Circuit Court dismissing her complaint after a bench trial finding she failed to establish by a preponderance of the evidence that she was entitled to relief on her forgery claim. We affirm.

This pro se appeal involves a three-and-a-half-acre parcel of land deeded to appellee, Carol Gamble, by her father, Elvin Gamble. Carol lived on the property and took care of Mr. Gamble until his death in 2018. Mr. Gamble's last will and testament appointed Carol as the executor of his estate and ordered his entire estate be shared equally among his beneficiaries, which included appellant, Veronica Gamble. Following Mr. Gamble's death, Carol probated the estate and was ordered to perform a title search to ensure Mr. Gamble did not own any real estate at the time of his death. First National Title Company performed

the search and found that Mr. Gamble did not own any real estate at the time of his death, and the land in question was vested in Carol by virtue of a warranty deed dated September 9, 2010.

On May 6, 2021, Veronica filed a complaint alleging Carol had forged Mr. Gamble's signature on the 2010 warranty deed, stating the forgery of the warranty deed was evidenced by the use of an online legal form prepared by Carol, and tax records demonstrating that from the time Mr. Gamble purchased the land until his death, he was the only person who paid taxes on the property.

Veronica's complaint was set for a bench trial on August 16, 2021, via Zoom, and both parties appeared pro se. Veronica alleged that while Mr. Gamble was sick, Carol, as his power of attorney, signed the warranty deed herself without Mr. Gamble's knowledge, which went against the express wishes of his will. Veronica asked the court to declare the deed void and divide the land according to the will. Prior to the hearing, Veronica provided exhibits to the Pulaski County court reporter in compliance with the circuit court's Zoom hearing procedures, and those exhibits were marked for purposes of the record. During argument at the hearing, Veronica referenced the exhibits but never moved to introduce them into evidence. On August 18, 2021, the circuit court entered an order dismissing Veronica's claim, and from that order comes this appeal.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Williamson v. Williamson*, 2018 Ark. App. 236, 548 S.W.3d 816. A finding is clearly erroneous when,

2

although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

Veronica argues there was sufficient evidence to support her forgery claim as shown bythe exhibits she provided to the Pulaski County court reporter. However, these exhibits were never properly introduced into evidence. A litigant is required to offer an exhibit into evidence for the court's consideration, and only if the exhibit is admitted may it be considered for evidentiary purposes. Although Veronica's exhibits were marked by the court reporter prior to the hearing, premarking an exhibit only indicates a reasonable expectation to introduce the exhibit and does not replace the actual offering of the exhibit into evidence at trial. Therefore, because Veronica's exhibits were never properly introduced, the only evidence the circuit court had to consider was Veronica's testimony versus Carol's testimony. Pro se litigants are held to the same standards as licensed attorneys with respect to complying with court rules. *Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580. By failing to properly introduce her exhibits into evidence, Veronica failed to meet her evidentiary standard; thus, the circuit court's decision to dismiss her complaint was not clearly erroneous.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Veronica Gamble*, pro se appellant.

*Terrence Cain*, for appellee.

3