SLIP OPINION



Cite as 2016 Ark. App. 365

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-778

| | |
|---|---|
| JOSEPH LONGLEY and ANNETTE LONGLEY (DECEASED)<br><br>APPELLANTS<br><br>V.<br><br>CURTIS GATEWOOD and CHRISTINE GATEWOOD, HUSBAND AND WIFE<br><br>APPELLEES | **Opinion Delivered** August 31, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CV-2013-1007]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

Appellant Joseph Longley appeals from an order of the Sebastian County Circuit Court setting aside a deed and quieting title to certain property in appellee Christine Gatewood subject to the marital interest of appellee Curtis Gatewood, her husband. On appeal, Joseph contends that the trial court erred, first, in allowing his counsel to withdraw on the morning of trial in violation of Rule 64(b) of the Arkansas Rules of Civil Procedure and, second, in not properly considering his defense of laches. Because of a flagrantly deficient abstract, we order rebriefing.

Joseph and Christine are siblings.[1] Their uncle, Clarence Wilson, purchased the property in dispute at 600 North 20th Street in Fort Smith on May 3, 1996. The deed transferring the property lists the grantees as Clarence, Frances M. Longley (Clarence's sister

---

[1]To avoid confusion, we refer to the parties by their first names.

and Christine and Joseph's mother), and Christine as joint tenants with the right of survivorship. On December 18, 2000, a warranty deed purporting to transfer the property to Joseph and Annette[2] Longley—and appearing to contain the notarized signatures of Clarence, Frances, and Christine—was filed of record in Sebastian County. Joseph, Annette, and their children began residing at the property on December 18, 2000, and Joseph has been in continuous possession of the property since that time.

On February 7, 2003, Frances passed away, and on March 20, 2013, Clarence passed away. Seven months after Clarence's death, on October 17, 2013, Christine and Curtis filed a petition against the Longleys to set aside/cancel the deed, alleging that Christine's signature on the 2000 deed had been forged, that she had not discovered the deed until after Clarence's death, and that she should be the sole record owner of the property because Frances and Clarence had both passed away, leaving her the owner as the sole survivor of the three.

Joseph retained James Filyaw to represent him and his wife. It appears that the trial was continued several times at Filyaw's request due to Joseph's unavailability and that in January 2015, Filyaw filed a petition to withdraw due to Joseph's continued lack of cooperation and communication. Filyaw withdrew the motion less than a week after having filed it, indicating that the communication problems had been resolved. However, on March 24, 2015, Filyaw filed a second petition to withdraw, again alleging difficulty communicating

---

[2]Annette suffered a stroke in May 2014 and passed away on October 17, 2014, before the trial.

with Joseph, despite repeated telephone calls and messages.

On the day of trial, April 16, 2015, the trial court first addressed Filyaw's petition to withdraw, hearing argument from Filyaw and from Joseph. The court then allowed Filyaw to withdraw. The trial proceeded with Joseph representing himself. Joseph cross-examined two of Christine's witnesses: Christine and the notary for the 2000 deed. He also called two witnesses—his adult daughters—and he testified on his own behalf. At the close of the trial, the court gave the parties the opportunity to submit posttrial briefs, which both parties did. One of the defenses Joseph argued in his brief was laches; he did not address the court's decision allowing Filyaw to withdraw.

The trial court entered an order on June 8, 2015, finding that the signature on the 2000 deed purporting to be that of Christine Gatewood was fraudulent and that the defense of laches was neither pled nor established by the evidence. The court found that the deed was "held for naught" and quieted title to the property in Christine Gatewood, subject to the marital interest of Curtis Gatewood. On June 15, 2015, the court entered an identical amended order except with regard to the defense of laches, which the court found had not been established by the evidence. Joseph filed a timely notice of appeal.

On appeal, Joseph argues that the trial court erred in allowing his counsel to withdraw on the morning of trial in violation of Rule 64(b) of the Arkansas Rules of Civil Procedure and in failing to properly consider his defense of laches. We are unable to reach the merits of his appeal, however, because his abstract is flagrantly deficient. Rule 4-2(a)(5) of the Rules of the Supreme Court and Court of Appeals requires an appellant to create "an abstract of

the material parts of all the transcripts . . . in the record. Information is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Ark. Sup. Ct. R. 4–2(a)(5) (2015). The abstract "shall be an impartial condensation, without comment or emphasis . . . ." Ark. Sup. Ct. R. 4–2(a)(5)(B).

Here, although Joseph's first point on appeal is that the trial court erred in allowing Filyaw to withdraw in violation of Ark. R. Civ. P. 64(b), his abstract of Filyaw's argument, Joseph's response, and the court's oral reasoning and ruling on the motion are a far cry from being an accurate and "impartial condensation" of the record. Indeed, the multitude of sentences left out causes the argument that actually is abstracted to appear completely out of context. Moreover, the abstract contains no objection to the court's decision to allow Filyaw to withdraw, which is required to perfect a point for appeal. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008). This court will not entertain an argument when it cannot be determined from the abstract what arguments were made to the lower court. *Porter v. Porter*, 329 Ark. 42, 44, 945 S.W.2d 376, 377 (1997). An abstract that includes all of the arguments on the motion, in addition to the court's statements regarding the motion, is critical for us to determine whether the point is preserved and to determine the merits of this point on appeal.

Joseph's second point on appeal, that the trial court failed to properly consider his defense of laches, involves review of the trial court's decision of an equitable doctrine premised on some detrimental change in position made by one party in reliance upon the

action or inaction of the other party. *Anadarko Petroleum v. Venable*, 312 Ark. 330, 850 S.W.2d 302 (1993). The first requirement in laches is that the party have knowledge of his or her rights and the opportunity to assert those rights. *Carwell Elevator Co. v. Leathers*, 352 Ark. 381, 391, 101 S.W.3d 211, 218–19 (2003). The doctrine operates to bar an action by a party who has "sat on his rights," i.e., purposely or negligently failed to assert a claim for so long that to permit it now would disadvantage prejudicially an opposing party. *Massongill v. Cty. of Scott*, 337 Ark. 281, 287, 991 S.W.2d 105, 109 (1999). The application of laches is based on the particular circumstances of each case and is a question of fact for the trial court. *Adams v. Howard*, 2014 Ark. App. 328, at 6, 436 S.W.3d 473, 477. In order for this court to review the trial court's decision on laches, we must be able to review all material testimony.

Joseph's abstract of the testimony is woefully inadequate. As an example, Christine's testimony in the record covers twenty pages. The abstract of her testimony is barely a page long. Joseph has only partially abstracted the other witnesses' testimony, also. And, Joseph has failed to abstract any of his own testimony. The burden is on the appealing party to provide both a record and an abstract sufficient for appellate review. *Porter*, 329 Ark. at 44, 945 S.W.2d at 377. Joseph has failed to do this. Accordingly, we order him to submit a substituted brief that contains a revised abstract. The abstract should be sufficient for this court to reach the merits of the case by providing an impartial condensation of the witnesses' testimony, the attorneys' arguments, and the court's rulings that are necessary for us to understand the questions on appeal in accordance with our rules. Joseph has fifteen days from

the date of this opinion to file the substituted brief. If he fails to file a complying brief within the prescribed time, the judgment may be affirmed for noncompliance with Rule 4–2. After service of the substituted brief on appellees, appellees shall have an opportunity to file a responsive brief in the time prescribed by the clerk.

Rebriefing ordered.

ABRAMSON and VIRDEN, JJ., agree.

*Smith, Cohen & Horan, PLC*, by: *Stephen C. Smith*, for appellants.

*Gean, Gean & Gean*, by: *Roy Gean III*, for appellees.