Cite as 2017 Ark. App. 623



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-17-180

| | | |
|---|---|---|
| | | **Opinion Delivered** November 15, 2017 |
| LARRY BUCKLEY | | APPEAL FROM THE CLARK |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 10CV-14-83] |
| V. | | HONORABLE ROBERT MCCALLUM, |
| | | JUDGE |
| KASEY SUMMERVILLE | | REMANDED TO SETTLE AND |
| | APPELLEE | SUPPLEMENT THE RECORD; |
| | | REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellant Larry Buckley appeals the Clark County Circuit Court's denial of his motion for a new trial after a Clark County jury awarded appellee Kasey Summerville $36,000 on a personal-injury suit stemming from a car accident. Because neither the record on appeal nor the addendum contains the jury-verdict forms, we remand the case to settle and supplement the record.

In the appellant's brief, page 127 of the abstract contains an abstractor's note stating that "[t]he verdict form was not included in record prepared by the circuit clerk and, therefore, could not be included in the addendum." We have previously held that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Green v. State*, 2014 Ark. App. 580, at 2. Moreover, Rule 4-2(8)(A)(i) of the Rules of the Arkansas Supreme Court

and Arkansas Court of Appeals specifically requires the addendum to contain the jury-verdict forms in a case in which there was a jury trial.

Accordingly, we remand this case to settle and supplement the record with the documents specified herein. We also encourage counsel to carefully review our rules to ensure that all material information is contained in the record and addendum. Appellant has thirty days from the date of this opinion to file a supplemental record that includes the circuit court's order entered pursuant to the jury verdict, the jury-verdict forms, and any relevant documents that have been inadvertently omitted from the record in this case. After the record is settled and a supplemental record is filed with this court, appellant will be given fifteen days to file a substituted brief, abstract, and addendum. Appellee may revise or supplement its brief within fifteen days of the filing of appellant's substituted brief or may rely on her previously filed brief. Ark. Sup. Ct. R. 4-2(b)(3). Again, we encourage counsel to review our rules and ensure that no further deficiencies, beyond those identified here, exist. If the verdict forms cannot be located, the trial court is directed to conduct a hearing to attempt to settle the record on this issue.

Remanded to settle and supplement the record; rebriefing ordered.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Caley B. Vo*, *Michael A. Thompson*, and *Antwan D. Phillips*, for appellant.

*Law Offices of Alan LeVar*, by: *Alan LeVar* and *Brianne Franks*, for appellee.