PHILLIP T. WHITEAKER, Judge
In this one-brief appeal, appellants William and Bettie Schernikau contend that the Benton County Circuit Court erred in enforcing an attorney's lien in favor of appellee Jeremiah Pearson. Because of multiple problems with the record, abstract, and addendum, however, we are unable to reach the merits of the Schernikaus' arguments at this time.
I. Background
This case originally began as a personal-injury case arising out of a motor-vehicle accident allegedly caused by appellee Beau Williamson[1] in June 2012. The Schernikaus were initially represented by appellee Pearson. At some point, the Schernikaus terminated Pearson's employment, and they hired their current counsel, Glenn Gulick, who settled the case in July 2016. It is unclear from the record and addendum exactly what transpired between the two attorneys over the next few weeks, but Gulick wrote to Pearson in August 2016 to "advise as to the amount of quantum meruit claim [he was] asserting for attorney's fees." Apparently, Pearson did not respond to this communication.
Gulick, on behalf of the Schernikaus, subsequently filed a "Motion to Determine Attorney's Lien" in September 2016, asking the circuit court to "adjudicat[e] the alleged lien of Jeremiah Pearson who was discharged by plaintiffs prior to suit being filed in this case." Pearson responded and stated that the Schernikaus were "made aware of his right to claim his attorney's lien and expenses in a letter dated January 3, 2014." Pearson purported to attach a copy of this letter as exhibit A, but the letter does not appear in the record.
At a hearing on the Schernikaus' motion, neither attorney called witnesses, but the court and counsel discussed the fact that the Schernikaus had given videotaped depositions and that the court had a copy of the videotapes and the transcripts of those depositions:
COURT : All right, counsel, tell me how you want to proceed. Mr. Gulick, I don't know if you want to call witnesses, if you just want to-I know you left for my office a notebook that looks about like that.
GULICK : Yes, Your Honor. When we had a telephone conference with the Court,-
COURT : Uh-huh.
GULICK : -you had indicated a preference that-that depositions be taken and submitted to the Court for consideration. We-we've done that. It-everybody's been-I think it's important that a deposition has been taken, and it's included in the binder, Judge-
COURT : Yes.
*712 GULICK : -both by written transcript, and then by video.
COURT : Yes, sir. And I have-I've looked at those. I have not watched the videos yet. I have read all of the depositions and looked at the records so-that are included therewith.
GULICK : And anything else I would have at this time would just be redundant then, Judge.
COURT : OK. Very good. Mr. Pearson, anything else you want to present?
PEARSON : Your Honor, well, it's my understanding on the Court's instructions about the depositions that they are in lieu of the Schernikaus' unavailability.... I would argue that it's not an exhibit so much as their live testimony before this Court, Judge.
COURT : I agree with you. I agree. That's what-that's the way I accepted it, is their live testimony before the Court.
The parties then went on to argue the merits of Pearson's attorney's lien. The transcript of the hearing does not indicate that any documents or any other items of evidence were introduced into the record.
Following the hearing, the circuit court entered an order finding that Pearson was "entitled to judgment in this matter in the amount of 25% of the [Schernikaus'] total settlement ... plus his expenses." Gulick filed a timely notice of appeal in which he designated the complaint; all pleadings "and other matters filed of record on and after July 25, 2016"; the docket sheet; and the transcript of the hearing. Gulick also included the following paragraph in his notice of appeal, designating
[a]ll matters which the trial court deemed to be admitted or received in evidence, or relied upon, in connection with the hearing of February 2, 2017. Appellant understands there is an issue with regards to a binder which was presented to the trial court prior to hearing of February 2. The trial court did review the binder and contents, as evidenced by comments made during the hearing and the Order of February 13, 2017. Appellants have no objection to whatever action the trial court deems appropriate in regards to whether the binder is or is not to be regarded as a part of the record in this action.
Neither the binder nor its contents appear in the record of this case.
On appeal, the Schernikaus raise three arguments for reversal: (1) there is no evidence contained in the record in this case, and therefore, the judgment appealed from lacks any evidentiary support; (2) Pearson was not entitled to an attorney's fee based on his contingency-fee contract with the Schernikaus; and (3) the judgment awarding Pearson "25% of the total settlement" is void and unenforceable.
II. Deficiencies in the Record, Addendum, and Abstract
As noted above, we must order rebriefing at this time because of multiple deficiencies in the record, addendum, and abstract. We first consider the deficiencies in the record.
The gist of the Schernikaus' first argument on appeal is that there was no evidence of record presented at the hearing; therefore, they argue, the circuit court's order is unsupported by the evidence. Neither party moved at the hearing to introduce the binder of depositions into evidence. It is apparent from the circuit court's comments at the hearing, however, that it considered the substance of the Schernikaus' depositions and that it considered those depositions to be in lieu of live testimony. We must therefore remand this case to settle and supplement the record to include the contents of the binder. See Ark. R. App. P.-Civ. 6(e) ("If anything material to either party is omitted from the record by error or accident or is *713 misstated therein, ... the appellate court ... on its own initiative, may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted.").
We next find a deficiency in the record that is relevant to the Schernikaus' second argument on appeal-namely, that the contingency-fee contract they had with Pearson did not entitle him to attorney's fees. The contract, however, is not in the record, nor is the letter that Pearson claimed informed the Schernikaus of his right to pursue an attorney's lien and which he purported to attach as exhibit A to his response to the motion to determine attorney's lien. Gulick attempted to tender a copy of the contingency-fee contract to our clerk's office, but his tender was rejected. Gulick nonetheless included a copy of the contract in his addendum, in violation of Arkansas Supreme Court Rule 4-2(8). This rule provides that an appellant's addendum is to contain "true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case and to decide the issues on appeal. The addendum shall not merely reproduce the entire record of trial court filings, nor shall it contain any document or material that is not in the record. " (Emphasis added.) See also Doughty v. Douglas , 2016 Ark. App. 463, at 4, 2016 WL 5799619. The record should also be supplemented with a copy of this contract as well as the letter designated as exhibit A. See Ark. R. App. P.-Civ. 6(e).
Having addressed the deficiencies in the record, we turn to the deficiencies in the addendum. In addition to the items addressed above that were not incorporated into the record, the addendum fails to include a copy of the complaint that began this case-the personal-injury action against appellee Williamson. Arkansas Supreme Court Rule 4-2(8)(A) requires the addendum to include "the pleadings ... on which the circuit court decided each issue [including the] complaint[.]"
Finally, we consider the deficiencies in the abstract. An abstract is required by Arkansas Supreme Court Rule 4-2(5)(B) to be an "impartial condensation, without comment or emphasis, of the transcript." The abstract submitted in this case falls far short of that requirement. Rather than being an impartial condensation of the transcript, it appears to consist mainly of a general summary of the arguments of counsel and colloquies between counsel and the court, with the writer's impressions of what was transpiring at the hearing and commentary thereon.
An abstract should be sufficient for this court to reach the merits of the case by providing an impartial condensation of the attorneys' arguments and the court's rulings that are necessary for us to understand the questions on appeal in accordance with our rules, and the burden is on the appealing party to provide an abstract sufficient for appellate review. Longley v. Gatewood , 2016 Ark. App. 365, at 5, 2016 WL 4540043. As counsel has fallen short of this burden, we direct that a substituted abstract be filed as well.
Counsel shall have thirty days to settle and supplement the record. See, e.g. , Buckley v. Summerville , 2017 Ark. App. 623, 2017 WL 5476319 ; Lacy v. State , 2017 Ark. App. 509, 2017 WL 4399844. Upon settling and supplementation of the record, a substituted abstract and addendum shall be filed within fifteen days. See Ark. Sup. Ct. R. 4-2(b)(3).
Remanded to settle and supplement the record; rebriefing ordered.
Harrison and Hixson, JJ., agree.

Beau Williamson was under the age of eighteen at the time of the accident, and his mother, appellee Angela Williamson, was named as a defendant as the person who signed Beau's application for a driver's license.