Cite as 2020 Ark. App. 260

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CV-19-536

| | |
|---|---|
| BERNARD COURT, LLC<br><br>APPELLANT<br><br>V.<br><br>WALMART, INC.<br><br>APPELLEE | **Opinion Delivered:** April 22, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-18-3261]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Bernard Court, LLC ("Bernard"), appeals from an order of the Benton County Circuit Court denying its motion for summary judgment against appellee Walmart, Inc. ("Walmart"), and dismissing its complaint for declaratory judgment with prejudice. Because of deficiencies in Bernard's abstract, we must order rebriefing at this time without addressing the merits of the appeal.

For purposes of this opinion, we provide the following abbreviated factual and procedural history. In May 1997, Walmart conveyed a parcel of property consisting of three lots on East Highland Drive in Jonesboro to Belz Burrow II. Walmart conveyed the property by a deed which expressly declared that the property was

> subject to the following conditions and restrictions: (i) Grantee covenants that the land will not be used as a grocery store/supermarket or discount department store or wholesale club, such as or similar to Target, Price Club or K-Mart, such restriction shall run with and bind said land and shall inure to the benefit and be enforceable by Grantor, or an affiliated company or its successors, by any appropriate proceedings at

law or in equity to prevent violations of such aforesaid covenants, conditions and restrictions to recover damages for such violations; such conditions and restrictions shall remain in effect to said land for fifty (50) years; (ii) the land and all improvements erected or constructed thereon shall be maintained in good condition and repair. The aforesaid conditions and shall run with and bind said Land and shall inure to the benefit of and be enforceable by Grantor, or an affiliated company or its successors, by any appropriate proceedings at law or in equity to prevent violations of such aforesaid covenants, conditions and restrictions to recover damages for such violations; however, such conditions shall remain in effect to said Land and Improvements for twenty (20) years.

In 1999, Belz Burrow II conveyed one of the three lots to Belz Burrow Bernard Court, L.P., and conveyed the remaining two lots in 2005. After the 2005 transfer, Belz Burrow Bernard Court changed its name to Bernard Court, L.P. Bernard Court, L.P., then conveyed the property to Bernard in 2007.

After acquiring the property, Bernard had the opportunity to lease a portion of the property to a chain of stores called "Dirt Cheap." Because of the terms of the restrictive covenant, Bernard filed a complaint for declaratory judgment in the Benton County Circuit Court, asking the court to determine whether the restrictive covenant would apply and prevent leasing the property to Dirt Cheap. Bernard urged that the restrictive covenant did not apply for two reasons: (1) the twenty-year provision found in subpart (ii), rather than the fifty-year provision in subpart (i), applied and had already expired; and (2) Dirt Cheap is not a "discount department store or wholesale club," and thus by its terms, the restrictive covenant did not apply. Bernard subsequently moved for summary judgment on the basis of the same two legal arguments presented in its complaint.

Walmart filed a response in opposition to Bernard's motion for summary judgment, arguing that the language of the restrictive covenant was clear and unambiguous; that the fifty-year limitation clearly applied; and that Dirt Cheap is a discount department store

contemplated by the plain language of the restriction. Bernard filed a reply to Walmart's response, again arguing that the restrictive covenant had expired and that Dirt Cheap is not a discount department store. For the first time, however, Bernard also argued that the restrictive covenant did not run with the land. Walmart filed a surreply disputing Bernard's arguments and contending that even if the covenant did not run with the land, it was enforceable as an equitable servitude.

The circuit court held a hearing on Bernard's summary-judgment motion. After considering arguments of counsel, the court quickly disposed of Bernard's arguments regarding the length of the restrictive covenant and whether the restrictive covenant applied to Dirt Cheap. The court first found that the fifty-year, rather than the twenty-year, restriction applied. The court next determined that Dirt Cheap was in fact a discount department store within the meaning of the restriction and that the restriction thus applied to it. Finally, after taking further argument on the question of whether the restrictive covenant ran with the land, the court ultimately determined that the restriction was enforceable as an equitable servitude. A written order reflecting the court's oral rulings was entered on March 18, 2019, and Bernard filed a timely notice of appeal.

Despite the timely notice of appeal, we do not address the merits of Bernard's arguments because it has submitted an abstract that does not comply with Arkansas Supreme Court Rule 4-2(a)(5)(B). Under this rule, an abstract is required to be an "impartial condensation, without comment or emphasis, of the transcript." We have held that an abstract should be sufficient for this court to reach the merits of the case by providing an impartial condensation of the attorneys' arguments and the court's rulings that are necessary

for us to understand the questions on appeal in accordance with our rules, and the burden is on the appealing party to provide an abstract sufficient for appellate review. *Schernikau v. Williamson*, 2018 Ark. App. 34, 540 S.W.3d 710; *Longley v. Gatewood*, 2016 Ark. App. 365.

In its statement of the case, Walmart asserts that Bernard has submitted an abstract that is "fraught with embellishment and . . . revision." We agree. Among other things, Bernard has embellished its abstract by including formal citations to cases that were not cited at the hearing, adding verbiage to make counsel's arguments sound more formal than those that were presented to the circuit court, and adding words that were simply never used at the hearing.

Here are some examples of the embellishment and revision within the abstract submitted by Bernard. At one point the record demonstrates that counsel said, "Dirt Cheap is not similar to Target, Costco or Kmart. . . . Dirt Cheap does not have a place on this pantheon." The abstract, however, reflects that counsel said, "Target, Costco, and K-Mart are the major big-box retailers and wholesalers in this country. *The unrebutted proof is clear that Dirt Cheap does not have a place in this pantheon.*" (Emphasis added.) In another point in the transcript, counsel said, "Now, in its response Walmart actually concedes that it has a problem here, because it attempts to rewrite the covenant." The abstract, however, makes it appear that counsel said, "In its Response, Walmart attempts to rewrite the Restrictive Covenant, *thus conceding that the covenant, as it was written in 1997, is problematic for the company.*" (Emphasis added.) Further, counsel stated at the hearing that "Walmart can't argue that the ambiguity precludes summary judgment," but the abstract says, "Furthermore, *the*

*Court should reject any argument that the Restrictive Covenant's* ambiguity precludes summary judgment." (Emphasis added.)

The abstract is rife with similar revisions and overstatements and is thus not an impartial condensation of the record. We could provide more examples and do not intend those cited above to be an all-inclusive listing. We therefore direct counsel to submit, within fifteen days, an abstract that cures the above-noted deficiencies and any others that Bernard should find in its review. *See* Ark. Sup. Ct. R. 4-2(b)(3); *Evans v. Estate of Fritsche*, 2018 Ark. App. 398. We encourage Bernard to review our rules to ensure that no other deficiencies are present.

Rebriefing ordered.

GLADWIN and BROWN, JJ., agree.

*Waddell, Cole & Jones, PLLC*, by: *Ralph W. Waddell, Kevin W. Cole*, and *Samuel T. Waddell*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Karen P. Freeman, Nathan A. Read*, and *Devin R. Bates*, for appellee.